ETHEL MASTER, Respondent, *v.* MARY HOROWITZ, Appellant.
JOSEPH MASTER, Respondent, *v.* MARY HOROWITZ, Appellant.
JACOB M. MASTER, Respondent, *v.* MARY HOROWITZ, Appellant.

Third Department, December 30, 1932.

*Carter & Conboy* [*J. S. Carter* of counsel], for the appellant.

*Leary & Fullerton* [*James A. Leary* of counsel], for the respondents.

RHODES, J. The plaintiffs Ethel Master and Joseph Master have brought separate actions against the defendant to recover damages for personal injuries received by them while they were passengers in an automobile operated by the defendant on a highway in the State of Connecticut in the forenoon of June 23, 1930. The plaintiff Jacob Master sued to recover for loss of services of his wife, Ethel Master. These three actions were tried together.

Plaintiffs Jacob and Ethel Master and defendant reside in Gloversville, N. Y. The parties arranged a trip, having for its ultimate destination Boston, and defendant, with her two sons, and the plaintiff Ethel Master started in defendant's automobile which was driven by the defendant, arriving in the evening at the home of the plaintiff Joseph Master in the town of Lebanon, Conn., where they

stayed over night. The defendant was suffering from toothache and in the morning decided to drive to Colchester, near by, to have the tooth treated. Plaintiffs Ethel Master and Joseph Master accompanied defendant, Joseph being requested by the defendant to go along to show them where the office of the dentist was. On the return trip from the dentist's the accident occurred.

The serious question for determination here is whether the said passengers were guests of the defendant within the meaning of the the statute of the State of Connecticut entitled "An Act releasing owners of motor vehicles from responsibility for injuries to passengers therein." Section 1 of the statute provides as follows:

" Section 1. No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." *

The section has been construed by the Connecticut courts in *Kruy* v. *Smith* (108 Conn. 628) and *Gage* v. *Chapin Motors, Inc.* (—— id. ——; 162 Atl. 17). In those cases the relation of the passenger to the owner or operator of the car was contractual, such as master and servant, or employer and employee.

In the case of *Kruy* v. *Smith* (*supra*) the passenger who received injuries was employed by the owner as a laundress and had been brought to the owner's residence in his car. As they arrived the accident occurred. It was held that she was not a guest and the court said: " The Legislature, when it used the word ' guest,' did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car, and in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident."

In the later case of *Gage* v. *Chapin Motors, Inc.* (*supra*) the plaintiff's car was being tested by a garageman. While the mechanic was thus driving the car, plaintiff-owner riding therein as a passenger, an accident occurred. The question was whether the plaintiff-owner was a guest within the meaning of the statute. The court said: " The circumstance which provided the occasion for defendant's mechanic to drive plaintiff's car at the time of the accident was the fact that a contractual relation then subsisted between plaintiff and defendant, the driver's employer." The

* Chapter 308 of the Connecticut Public Acts of 1927.— [REP.

court further said: " The trial court could reasonably reach the conclusion that the operation of the car arose out of a contractual relationship between the parties, was the result of and incidental to it, and directed toward the accomplishment of its purposes and was therefore for the mutual benefit of the plaintiff and defendant. The situation found by the trial court is not one within the contemplation of the statute."

Respondents here seek to sustain the verdicts upon the theory that the passengers in defendant's car were being transported either for the benefit of the defendant or for the mutual benefit of the parties, the defendant receiving the benefit of being directed to the dentist and the passengers receiving the benefit of being transported to the home of the plaintiff Joseph Master for a visit, and in the continuation of the trip to Boston it was contemplated that the purposes and business of the respective passengers were to be promoted.

The respondents argue also that the passengers were not being transported gratuitously, but for hire, basing their contention upon the fact that before the trip started from Gloversville plaintiff Ethel Master told defendant that she would like to pay for the gas and oil because she did not care to go gratuitously, and that the defendant replied, " We will take care of that later."

Giving to the plaintiffs the benefit of every reasonable inference deducible from these facts, there is not sufficient to establish a contract between the parties by which plaintiffs were obligated to pay for their transportation. Neither are the facts sufficient to establish that the transportation was contractually for the mutual benefit of both the passengers and the operator or owner of the car within the meaning of the statute. The statute refers to a person transported by the owner or operator of a motor vehicle as " *his guest without payment for such transportation.*"

Upon the facts proven, it must be held as a matter of law that the passengers were guests, and there being no proof that the accident was intentional on the part of the owner or caused by her heedlessness or reckless disregard of the rights of others, plaintiffs failed to make out a cause of action.

The learned court below instructed the jury that the acts of the defendant did not amount to heedlessness and recklessness and that unless the passengers were not guests there could be no recovery.

The judgments and orders appealed from should be reversed on the law, with costs, and the complaints dismissed.

VAN KIRK, P. J., HINMAN and HILL, JJ., concur; CRAPSER, J., dissents.

Judgments and orders reversed on the law, with costs, and complaints dismissed, with costs in one action.