# Richmond

JOHN T. GARRETT V. GERTRUDE V. HAMMACK, ET AL.

March 22, 1934.

Present, All the Justices.

The opinion states the case.

*Harvey E. White,* for the plaintiff in error.

*Vincent L. Parker, James G. Martin, Tom E. Gilman, Venable, Miller, Pilcher & Parsons, T. Justin Moore* and *A. G. Robertson,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

This is an action by notice of motion brought by Gertrude V. Hammack to recover for personal injuries received by her as a result of a collision between the automobile of John T. Garrett and a bus owned and operated by the Virginia Electric and Power Company. Garrett and the company were both impleaded as defendants.

There was a trial by a jury, which resulted in a verdict for the plaintiff against Garrett in the sum of $1,000.

The notice alleges that plaintiff was a passenger in the automobile of Garrett; that at the time of the collision,

which occurred at the intersection of High street and Elm avenue in the city of Portsmouth, both machines were being operated in a careless, reckless and negligent manner, in that neither of the drivers was keeping a proper lookout; neither of the machines was equipped with proper brakes; the drivers failed to keep said machines under proper control and operated them at a dangerous and excessive speed.

The grounds of defense relied upon by Garrett are as follows:

"The defendant, John T. Garrett, gives the following as and for his grounds of defense:

"1. All defenses properly provable under the plea of the general issue.

"2. He denies each and every allegation of negligence with which he is charged in the notice of motion and bill of particulars filed herein. Particularly any allegation of gross negligence.

"3. On the contrary, he alleges that he was operating his automobile with due care and doing all that the law required of him at the time of the accident.

"4. He further denies that he had a last clear chance to avoid the accident.

"5. He denies any violation of the ordinances of the city of Portsmouth or statutes of the State of Virginia.

"6. He alleges that the accident was caused solely as a result of the negligent operation of the bus of the Virginia Electric and Power Company, in that the driver failed to keep a proper lookout, failed to have and keep his bus under complete control, negligently speeded up to cross in front of Garrett's car, failed to yield the right of way, was traveling at an unlawful and improper rate of speed, driving on the improper side of the street, and had a last clear chance to avoid the accident."

The company defended on the ground that plaintiff was guilty of negligence:

"1. In not warning the driver of the Garrett car that he was driving at a dangerous and reckless rate of speed;

"2. In not warning the driver of the Garrett car of the approach of the bus;

"3. In failing to exercise all of her faculties for her own safety.

"And further, the Virginia Electric and Power Company denies each and every allegation of negligence contained in the notice of motion and in the bill of particulars, so far as the allegations relate to the Virginia Electric and Power Company."

In the petition for a writ of error, the claim is made that at the time of the collision plaintiff was "riding as a guest in the automobile owned and operated by John R. Garrett."

If the plaintiff was a guest of Garrett, then her right of recovery against him must be founded upon the doctrine announced by this court in the cases of *Boggs* v. *Plybon*, 157 Va. 30, 160 S. E. 77; *Jones* v. *Massie*, 158 Va. 121, 163 S. E. 63; and *Young* v. *Dyer*, 161 Va. 434, 170 S. E. 737, viz., that the host must have been guilty of gross negligence. If the plaintiff was a passenger in the automobile of Garrett, then it was only incumbent upon her to show that Garrett was guilty of ordinary negligence. It therefore becomes necessary, before alluding to the various assignments of error, to determine the status of plaintiff at the time of the accident.

Plaintiff, on her examination as a witness, testified as follows:

"Q. Will you state your name, Mrs. Hammack?

"A. Gertrude V. Hammack.

"Q. And you now live where?

"A. 134 Grove avenue, Ocean View.

"Q. You heretofore lived in Portsmouth and Norfolk county with Mr. Garrett?

"A. Yes.

"Q. How long did you live with Mr. Garrett?

"A. Going on four weeks; it was three weeks on Saturday and we were hurt on Tuesday.

"Q. Were you employed by anyone, if so, under what conditions and terms?

"A. Well, my sister-in-law and I had a little argument and Mrs. Garrett was very glad to have me, and of course, I went out there. I didn't ask for any salary but she gave me three dollars a week, meals, room and transportation.

"Q. What did you do?

"A. Just helped around the store.

"Q. Mr. Garrett has two stores, I believe?

"A. Yes, sir.

"Q. This particular morning you were coming in to your employment at the store?

"A. Yes.

"Q. In an automobile driven by Mr. Garrett?

"A. Yes.

"Q. That was the usual way that you came into town?

"A. Yes."

Garrett, testifying as a witness in his own behalf, denied that plaintiff was in his employ, but on cross-examination admitted that plaintiff was *given* three dollars a week as compensation for services performed in the home and in the store and that she was being transported to the store on the morning of the accident.

 The jury were warranted in finding that plaintiff was a passenger in the automobile of Garrett and this court is unanimously of opinion that her right, if any, to recovery against Garrett, should be based upon proof of ordinary negligence.

The defendant, Garrett, assigns as error the refusal of the court to strike out plaintiff's evidence as to him; the action of the court in sustaining the verdict of the jury in favor of the defendant company; in refusing certain instructions offered by defendant; in granting certain instructions offered by plaintiff and Virginia Electric and Power Company; and in overruling the motion to set aside the verdict and award a new trial.

 The question of whether or not the Virginia Electric and Power Company was guilty of negligence which

contributed to or was the proximate cause of the accident was one solely for the jury on the conflict of evidence, and under the firmly established doctrine laid down by this court in numerous decisions, we are bound by the verdict of the jury in favor of the company. Since it has been established by the verdict, and as we conclude as a matter of law that plaintiff was a passenger, the instructions given and refused, which dealt primarily with the question of gross negligence and the right-of-way statutes, become immaterial.

As to the other instructions, we are of opinion that no error was committed by the trial court in either granting or refusing them.

■ The remaining question, then, is: Was plaintiff entitled to recover against the defendant Garrett?

The facts confirmed by the verdict are: The automobile in which plaintiff was riding as a passenger was owned and operated by Garrett and at the time of the accident was being driven by him to his grocery store in the city of Portsmouth. The accident occurred about six o'clock on the morning of August 23rd and at a time when street lights were unnecessary. As the automobile was proceeding in an easterly direction at a speed variously estimated at twenty-five to forty-five miles an hour, it collided with a bus of the Virginia Electric and Power Company which was proceeding in a southerly direction on Elm avenue, crossing High street at a speed of approximately ten or fifteen miles per hour. Elm avenue is thirty feet wide and High street is sixty feet wide. Garrett was driving his automobile to the left of the safety zone provided for pedestrians, approxiately in the eastbound street car tracks. When the bus entered the intersection the driver saw the automobile approximately fifty feet away and began picking up speed. Garrett, according to his testimony, did not see the approach of the bus until he was verging upon the intersection. The evidence accepted by the jury shows that prior to striking the bus Garrett applied the brakes and the automobile skidded for a dis-

tance of thirty-five feet. That Garrett was exceeding the speed limit in force in the busines district of the city is evinced by the severity of the impact. The bus, which was twenty-five feet long and of standard weight, was struck on the rear right wheel, raised approximately eighteen inches from the ground and propelled a distance of eighteen inches. There is no contention by Garrett that the plaintiff was guilty of contributory negligence. She was a passenger in the automobile and it was the duty of Garrett in operating the automobile to exercise ordinary care to avoid the infliction of injuries.

The jury, upon proper instructions based upon sufficient evidence, have found that the negligence of Garrett was the sole proximate cause of plaintiff's injuries. The trial court has confirmed the verdict, and we perceive no error in the record before us.

The judgment will therefore be affirmed.

*Affirmed.*