ALLEN O. MYERS, Appellant, v. EDWIN W. GROVE, JR., Defendant. ALFRED L. BECKER, Attorney, Appellant; JAMES A. McQUADE, as Sheriff of the County of Kings, Respondent.— Order modified by eliminating therefrom the provision that Alfred L. Becker, the attorney for the plaintiff, pay to the sheriff of the county of Kings the sum of $275, and as so modified affirmed, without costs. This appeal is from an order requiring both the plaintiff and his attorney to pay to the sheriff of the county of Kings the sum of $150, charged for the employment of two keepers of certain attached property, and the further sum of $125, representing the statutory poundage of the sheriff in connection with the levy. While the attorney may be liable for the sheriff's fees in a common-law action (*Campbell* v. *Cothran*, 56 N. Y. 279; *Gadski-Tauscher* v. *Graff*, 44 Misc. 418), he is not liable when payment is sought to be enforced by the summary proceeding provided by subdivision 18 of section 1558 of the Civil Practice Act, which provides that " the judge or court may make an order requiring the party at whose instance the attachment is issued to pay the same to the sheriff." The word " party," as used in the act, does not include the attorney for the party. Appeal from order denying motion to resettle the order entered on the 29th day of June, 1933, dismissed. Young, Hagarty, Carswell and Scudder, JJ., concur; Davis, J., concurs with that portion of the decision that eliminates the responsibility of the attorney, and dissents on the question of liability as to the plaintiff for the time beyond the agreed period, at which time a release was given. The sheriff could not legally require that an agreement be furnished by one not a party to the action as a condition of withdrawing the " keepers " employed by him.

MAX OLEFSKY, Respondent, v. RICHARD LUDWIG, Appellant.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The trial court erred in refusing to charge the jury, at the request of the attorney for the defendant, that " heedlessness " and " recklessness " under the Connecticut statute (Gen. Stat. Conn. [Revision 1930] § 1628) limiting the liability of the owner or operator of a motor vehicle to guests involved more than ordinary negligence. (*Ascher* v. *Friedman, Inc.*, 110 Conn. 1; *Rindge* v. *Holbrook*, 111 id. 72; *Latham* v. *Hankey*, 117 Conn. 5; 166 Atl. 400; *People* v. *Grogan*, 260 N. Y. 138; *People* v. *Angelo*, 246 id. 451.) It was also error to exclude the motor vehicle accident report made by the defendant immediately following the accident when offered in redirect examination to confirm defendant's testimony after it had been assailed as a recent fabrication. (*Robb* v. *Hackley & Welton*, 23 Wend. 50; *Gilbert* v. *Sage*, 57 N. Y. 639; *Matter of Hesdra*, 119 id. 615; *People* v. *Katz*, 209 id. 311, 337–340; *People* v. *Racciatti*, 225 App. Div. 284; *Ferris* v. *Sterling*, 214 N. Y. 249.) On the trial the court left to the jury the question whether contribution by the plaintiff to the expenses of the operation of the car, such as gas, oil and garage charges, constituted payment for transportation within the meaning of the Connecticut statute. Although the point was neither raised at the trial nor argued in this court, we are of opinion that, as a matter of law, such contribution does not constitute payment within the meaning of that statute. (See *Master* v. *Horowitz*, 237 App. Div. 237.) Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.