BEATRICE SMITH, Respondent, *v.* THERESA CLUTE, Appellant.

Third Department, July 2, 1937.

*John H. Barker* [*James McPhillips* and *C. E. Fitzgerald* of counsel], for the appellant.

*Sears & Sears* [*Warren Sears* of counsel], for the respondent.

BLISS, J.   On July 19, 1935, the respondent was injured while riding as a passenger in an automobile owned and operated by the appellant between the cities of Missoula and Butte, in the State of Montana.   At that time chapter 195 of the Laws of 1931 of the State of Montana was in effect and provided, so far as here material, as follows:

" Section 1. The owner or operator of a motor vehicle shall not be liable for any damages or injuries to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, nor for any damages to such passenger's or person's parent or guardian, unless damage or injury is caused directly and proximately by the grossly negligent and reckless operation by him of such motor vehicle.

" Section 2. Any person riding in a motor vehicle as a guest or by invitation and not for hire, assumes as between owner and guest the ordinary negligence of the owner or operator of such motor vehicle.

" Section 3. The ordinary negligence of the owner or operator of a motor vehicle as between owner and guest is imputed to any person riding in such vehicle as a guest or by invitation and not for hire."

In addition the title of the act stated in part that it was: " An Act Releasing Owners and Operators of Motor Vehicles From Responsibility for Damages or Injuries to Gratuitous Passengers."

There were two other passengers in the car.   All four occupants were young ladies who taught school together in the public schools of the village of Whitehall, N. Y.   Some time in the early summer of 1935 they discussed going on an automobile trip to the western part of the country.   According to the plaintiff, when the route had been decided, fifty dollars was contributed by each of the four, which went to pay for gas, tires, oil and incidental expenses.   One of the young ladies other than the owner acted as custodian of the common fund, and the money was turned over to her.   A repair bill to simonize the car before it started was paid out of this fund. Also, each of the four young ladies put in ten dollars and fifty cents before this trip started.   The purpose of this contribution does not appear in the record except by speculation, but upon the argument in this court it was conceded that it was to purchase liability insurance.   During the trip the operating expenses of the car were paid out of the common fund, and each of the young ladies bore

her own personal expenses. The respondent conceded that she and her traveling companions did not rent the car of Miss Clute, and that nothing was paid to the defendant for use of her car. The highway where the accident happened was about eighteen feet wide, comparatively smooth, straight and level. Miss Clute was driving and Miss Smith sat in the right rear seat with the car proceeding between thirty and thirty-five miles an hour on the right side of the highway. Piles of sand or gravel about eighteen inches in height had been observed along the side of the highway for a considerable distance. Before the accident the car had been driven through some of them. Another car proceeding in the opposite direction was met. As the cars came close together Miss Clute turned her car a bit to the right and in so doing ran into a pile of sand and gravel on the shoulder of the highway. The other car proceeded on without stopping, and Miss Clute's car zigzagged into and out of the sand and gravel and finally stopped after traveling about forty feet. There was no contact between the cars, but when the Clute car went into the sand the respondent received a jolt and was thrown toward the front seat on the right, then back again against the rear right window handle and struck her back and side. When the car came to a rest the left wheels were partly on the macadam portion of the road and the right wheels were in the sand on the shoulder.

Upon these facts the trial court charged that the defendant owed to the plaintiff the duty of reasonable care in the operation of the automobile, and refused to charge that there could be no recovery against the defendant unless the accident was caused by the gross negligence or reckless operation of the automobile by her. It held that the Montana statute did not apply. It was of the opinion that the four young ladies were engaged in a joint enterprise for their mutual benefit during the entire trip, which constituted each member thereof a coadventurer, and that the rights and liabilities between them were such as to preclude respondent's status as a guest or one riding by invitation and not for hire within the intent of the Montana statute.

There is a very serious question here as to whether this appellant was guilty of ordinary negligence in the operation of her automobile. Nevertheless, the jury has so found, and we are not disposed to disturb the verdict on that ground. The proof would not sustain a finding of gross negligence. We do, however, disapprove of the holding of the learned trial court that the Montana statute requiring a grossly negligent and reckless operation of the automobile as a condition precedent to liability did not apply. The respondent was riding in the appellant's automobile by the appellant's invitation, and not for hire. The appellant received no compensation

for transporting the respondent in her automobile. Merely because the respondent contributed her proportionate share of the actual operating expenses of the automobile does not constitute her a passenger for hire. There was no contract for transportation between these parties. Because the appellant voluntarily contributed the use of her car to the purposes of the journey, in addition to paying her own full share of the expenses, did not constitute her a carrier for hire.

No decision of the State of Montana interpreting this statute has been called to our attention, and we are unable to find any. Some States have recognized the injustice of one accepting the benefits of an automobile ride as the guest of another and then bringing suit against his host for negligence, and have adopted similar guest statutes which limited the liability of the owner to gross negligence only. We had before us in *Master* v. *Horowitz* (237 App. Div. 237; affd., 262 N. Y. 609) a similar so-called guest statute of the State of Connecticut, and we there held that such statute applied under a state of facts quite analogous to the instant situation. A like conclusion was reached by the Appellate Division, Second Department, concerning the same Connecticut statute in *Olefsky* v. *Ludwig* (242 App. Div. 637). In that case the court held as matter of law that a contribution by the passenger toward the expenses of the operation of the car, such as gas, oil and garage charges, did not constitute payment for transportation within the meaning of the Connecticut statute.

Other States have embodied the same principle into their common law by judicial mandate. For example, in Massachusetts the gross negligence rule prevails as to guest passengers by decision of the courts and not by statute. It has been there held that one who by agreement contributes only his fair share of the expenses of operation of an automobile, such as gasoline, oil and garage bills incurred for the common benefit of the guest and host, does not thereby enter into a contract to be transported as a passenger for hire. (*Askowith* v. *Massell*, 260 Mass. 202; 156 N. E. 875.)

Any other interpretation of this quite common arrangement would, in many instances, result in a violation of the statutes with regard to the operation of an automobile for hire without the special licenses required of the owner and operator and the transportation without the proper chauffeur's and omnibus licenses would be illegal. We should be loath to adopt such an interpretation as within the intent of the parties to the arrangement. The ordinary public liability policy would not cover such a risk, and the usual rule of reasonable care, which in our jurisdiction in the absence of special statutory provision defines the duty of the owner and

operator toward the passenger, would be changed to the duty of exercising the highest degree of care as required of a carrier for hire. We do not believe that these parties intended to make a contract of passage for hire with all of these possible results. Theirs was the simple relation of guest or invitee and host.

The judgment and order appealed from should be reversed on the law, with costs, and the complaint dismissed, with costs.

HILL, P. J., and McNAMEE, J., concur; HEFFERNAN, J., dissents, with an opinion, in which CRAPSER, J., concurs.

HEFFERNAN, J. (dissenting). I dissent from the opinion of the majority and vote to affirm the judgment and order under review.

The facts are not in dispute. The sole question for determination is what was plaintiff's status while riding in defendant's car. In his opinion Justice BLISS has quoted a portion of chapter 195 of the Laws of 1931 of the State of Montana. The construction of that statute is for the court. Formerly there was some controversy whether the proof of foreign law should be addressed to the court or to the jury. What the foreign law was, generally speaking, was denominated a question of fact except that it became a question of law when it merely involved the construction of a written statute or the interpretation of judicial opinions. Today the old rule is abrogated. Section 391 of the Civil Practice Act, as amended by chapter 690 of the Laws of 1933, expressly provides that foreign law is to be determined by the court. This amendment withdraws the meaning of foreign law from the consideration of the jury and imposes upon trial and appellate courts the task not only of construing the foreign law, but also of deciding questions of fact as to its scope and existence. No longer must we resort to the testimony of expert witnesses to decide what foreign law is. We investigate and make our own determination. Likewise, we need no interpreter; we interpret for ourselves.

The statute which we are construing only purports to release " owners and operators of motor vehicles from responsibility for damages or injuries to *gratuitous passengers*." It seems to me that on the facts in this case plaintiff cannot be classed as a gratuitous passenger. Defendant, a teacher in a public school at Whitehall, was desirous of crossing the continent by automobile during her summer vacation in 1935. She was unable or unwilling to defray the entire expense of the journey. She suggested to plaintiff and the other two young women, all teachers in the same school, that they participate in the venture. Plans were made and agreed upon for a trip to the Pacific coast and return. Before commencing the journey, and as a condition precedent, each contributed the sum of

fifty dollars for the purpose of defraying the expenses of gas, tires, oil and incidentals in connection with the operation of the car. The car was repaired out of this fund. In addition to that each contributed the sum of ten dollars and fifty cents for the purpose of procuring liability insurance to cover the operation of the machine. The young women selected their itinerary and shared the expenses of the trip; each had an equal voice in the route to be followed and the details of the journey. In consideration of the contributions of her companions, defendant agreed to transport them from Whitehall to California and return. Obviously, these contributions made possible the journey which defendant desired. Plaintiff and her companions were engaged in a common enterprise for their mutual entertainment and gratification. Plaintiff paid the amount which defendant demanded as a condition for her participation in the venture. True, the amount was not large; however, it was the sum which the defendant asked. Surely she was not riding as a " guest or by invitation," within the meaning of the Montana statute. When the Legislature used the words " riding  *  *  * as a guest or by invitation and not for hire," it did not intend to include persons who were being transported for the mutual benefit of the passenger and owner. The language used is not susceptible of that interpretation without resorting to a subtle and forced construction for the purpose of extending its meaning. In the quest to ascertain whether or not there are reciprocal advantages, not only the fact of transportation must be considered, but also the contract to which it is an incident. Plaintiff had rights, liabilities and a status wholly different from that of a gratuitous passenger. The relationship between defendant and her companions was contractual; the parties were joint adventurers. In accordance with their plans these young women traveled to the Pacific coast, and on the return trip, while defendant was operating her car through the State of Montana, plaintiff was somewhat seriously injured. A jury has found upon sufficient evidence that those injuries were the result of defendant's negligent operation of her automobile.

In this State we have no statute similar to the Montana legislation under consideration. Under our law a guest in an automobile who is injured may recover damages from a negligent operator. The Montana statute is in derogation of the common law, and hence is to be strictly construed. When a statute which is evidently intended to make an innovation upon the common law is susceptible of more than one construction it is not to be construed as altering the common law further than the language of the statute clearly and necessarily requires. In construing the statute before us the words used should be given their ordinary, popular meaning.

Hence we have a clear legislative declaration that this statute only exonerates owners and operators from liability for ordinary negligence to " gratuitous passengers." To place plaintiff in that category is to ignore the facts.

Defendant is relying on *Master* v. *Horowitz* (237 App. Div. 237; affd., 262 N. Y. 609) and *Olefsky* v. *Ludwig* (242 App. Div. 637) as a bar to the maintenance of this action. These cases have no application to the question before us. The facts are entirely different. They arose in Connecticut and were tried in this State as a forum according to the law of Connecticut as interpreted by the decisions of the highest court of that State. These authorities do not establish the law of the State of New York on this subject. They merely interpret the Connecticut statute in accordance with the decisions of that State. The construction placed upon a statute of another State by the courts of that State is, as a general rule, controlling, and will be followed by the courts of this State. (*Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48.) This rule rests upon the principle of comity.

CRAPSER, J., concurs.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.