[Civ. No. 5735.   Third Appellate District.—November 2, 1937.]

JOHN STARKWEATHER, a Minor, etc., et al., Respondents, v. JESS HESSION et al., Appellants.

Gerald M. Desmond, Stanley W. Reckers and Jess Hession for Appellants.

Butler, Van Dyke & Harris for Respondents.

PULLEN, P. J.—This is an appeal from a judgment rendered against the defendants.   The only question involved is whether or not at the time of the accident John Starkweather, one of the plaintiffs, was or was not a guest of Jess Hession, Jr., the driver of the car involved in the accident, within the meaning of the so-called guest law.

The trial court held that Starkweather was not a guest. This holding is challenged in this appeal as being unsupported by the evidence.   The facts of the case are substantially as follows:

In 1934 the football game between Stanford University and the University of California was to be played at Berkeley on the 24th of November.   At that time plaintiff John Starkweather and defendant Jess Hession, Jr., were students in the Sacramento schools.   The boys were friends of several years' standing, and prior to this trip they, together with

several other young men about their age, had tentatively arranged a trip to Berkeley for the purpose of seeing the football game. They originally planned to make the trip by river boat, but that plan was abandoned. It was then that Starkweather and Hession, Jr., arranged to drive to Berkeley in the automobile of Mr. Hession, Sr., the father of defendant, provided that the son could secure permission from his father to use the car. Permission was obtained, and on the morning of November 24th, the two young men started out by automobile for Berkeley and with a credit card belonging to the father which he had given to his son for the purchase of the necessary gas and oil. A third person accompanying the boys on the way to Berkeley paid the toll charge at the Carquinez bridge. After arriving in Berkeley Hession, Jr., filled the gas tank, using the credit card given him by his father. The boys saw the game, but were not together that night nor the following day. On Monday morning, November 26th, they left Berkeley to go to San Francisco. The testimony shows that before starting it was agreed that one would pay the ferry toll one way and the other the return toll.

Shortly after starting their trip to San Francisco in the Hession automobile, with Hession, Jr., driving, the car was involved in a collision, resulting in an injury to John Starkweather. It was conceded at the trial that the accident was caused by negligence on the part of the driver of the Hession car.

The court found the foregoing to be the facts, and further that John Starkweather was riding in the automobile as a passenger and not as a guest.

█ ˙Appellants question the finding of the court that Starkweather was not a guest at the time of the accident, and it is this holding that is challenged in this appeal as being unsupported by the evidence.

In the solution of this matter we need not go into an elaborate discussion of the law. The Supreme Court has recently passed upon this question and we believe that the facts in this case bring it clearly within the ruling as therein laid down. In justice to the trial court and counsel we may remark that the three cases here relied upon had not been decided when the instant case was under consideration. These recent cases, *McCann* v. *Hoffman,* 9 Cal. (2d) 279 [70 Pac. (2d) 909], *Walker* v. *Adamson,* 9 Cal. (2d) 287

338

[70 Pac. (2d) 914], and *Rogers* v. *Vreeland,* 16 Cal. App. (2d) 364 [50 Pac. (2d) 585], completely answer the question here presented.

In *McCann* v. *Hoffman, supra,* the court held that, " . . . Where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure."

In *Walker* v. *Adamson, supra,* plaintiff and defendant were business associates and jointly owned income producing real property. The two made several trips each year to their properties to supervise construction, repair and the opening of the houses for the rental season. Each owned an automobile and it was their custom to alternate the use of these cars on these trips. On the trip in question, made for the purpose of taking hardware and other material to carpenters who were engaged in constructing a guest cottage, and for the purpose of supervising the construction of repairs, Mrs. Adamson drove her automobile, and at the commencement of the trip Dr. Walker gave her $50 to be used for the purpose of defraying expenses of the trip. Under these circumstances plaintiff was held to be a passenger and not a guest.

In the case of *Rogers* v. *Vreeland, supra,* plaintiff and defendants were on a trip to see the wild flowers in the San Joaquin Valley, and prior to the commencement of the trip, an oral agreement was entered into between them that the plaintiffs would pay their share of operating the automobile and their share of any other expenses of the trip.

The court held that the trip was taken by defendant as an act of hospitality and not as a part of respondent's business or with an eye to his own profit for material benefit. Although no petition for a hearing in the Supreme Court was asked or granted in the case of *Rogers* v. *Vreeland, supra,* nevertheless in *McCann* v. *Hoffman, supra,* the court definitely approves the decision in *Rogers* v. *Vreeland, supra.*

In view, therefore, of the foregoing cases, we are of the opinion that plaintiff herein was a guest as defined in section 143¾, Statutes of 1931, page 1693, now section 403 of the Vehicle Code, and not a passenger, as these terms are defined in the Restatement of the Law of Torts, section 490.

The judgment is therefore reversed.

Thompson, J., and Plummer, J., concurred.