## RAUB v. ROWE.

### No. 3718.

Court of Civil Appeals of Texas. El Paso. July 7, 1938.

Rehearing Denied Aug. 12, 1938.

192

Allen & Allen, of Dallas, for appellant.

Bromberg, Leftwich, Carrington & Gowan, of Dallas (Benjamin G. Habberton and W. C. Gowan, both of Dallas, of counsel), for appellee.

HIGGINS, Justice (after stating the case as above).

The question which first arises is whether the plaintiff was a guest of the defendant riding in the latter's car without payment for such transportation within the purview of Chapter 225, p. 379, Acts of the Forty-second Legislature, Article 6701b, Vernon's Texas Statutes, 1936. Whether the plaintiff, under the facts reflected by her pleading, is to be regarded as a gratuitous guest of the defendant has not been passed upon by the courts of this State so far as we are advised. Undoubtedly the plaintiff was such a guest unless it can be said the agreement on her part to pay the defendant the plaintiff's proportionate part of the cost of gas and oil for the operation of the car is to be regarded as constituting payment for plaintiff's transportation. The question has arisen in other states under statutes similar to our own statute, and it is quite generally held that an agreement on the part of the plaintiff to pay plaintiff's share of the operating expenses of an automobile in which the plaintiff is riding does not make the plaintiff a passenger for hire or compensation. Rogers v. Vreeland, 16 Cal.App.2d 364, 60 P.2d 585; McCann v. Hoffman, Cal. App., 62 P.2d 401; Id., 9 Cal.2d 279, 70 P. 2d 909; Starkweather v. Hession, 23 Cal. App.2d 336, 73 P.2d 247; Ernest v. Bellville, 53 Ohio App. 110, 4 N.E.2d 286; Olefsky v. Ludwig, 242 App.Div. 637, 272 N.Y.S. 158; Smith v. Clute, 251 App.Div. 625, 297 N.Y.S. 866; Master v. Horowitz, 237 App. Div. 237, 261 N.Y.S. 722; Id., 262 N.Y. 609, 188 N.E. 86; Morgan v. Tourangeau, 259 Mich. 598, 244 N.W. 173.

In Rogers v. Vreeland, supra, it was sought to show plaintiff was not a guest within the contemplation of the California statute, by reason of the following alleged agreement:

"That at the time of the accident mentioned in this complaint the plaintiffs and the defendant, Richard Vreeland, were on a trip to see the wild flowers in the San Joaquin Valley, State of California, and that prior to commencing said trip an oral agreement was entered into between the plaintiffs and the defendant that the said plaintiffs would pay their share of the expense of running the said automobile and their share of any other expenses on said trip, and said agreement was in full force and effect at the time of the happening of said accident. Pursuant to said oral contract plaintiffs had [have] paid to the defendant their share of said expenses of said trip."

It was held plaintiff was such a guest in spite of the agreement quoted. The Court said:

"Running through the decisions in this state involving the 'guest' statute is the element of material benefit to the defendant driver in the form of possible profits, where the elements of friendship and hospitality were not involved, and where the ride was taken as an integral part of a business trans-

action. * * * "Doubtless the Legislature intended to change the rule heretofore adopted in this state, that an invited guest could recover for simple negligence, and to provide that such a person could not recover in the absence of a showing of intoxication or willful misconduct; and we are of the opinion that the section is applicable to a case such as the one now before us, where the riders, on a trip purely social, and without any commercial or business element, agreed to pay their share of the running expenses of the automobile and their share of any other expense on the trip. We do not consider such an arrangement between the riders and the driver as the giving by the former to the latter of such compensation as removes the riders from the status of 'guest' within the meaning of the act."

In McCann v. Hoffman, supra, the Supreme Court of California said (70 P.2d page 912):

"The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute. It is obvious that if a different result obtains under any construction of the statute its purposes would be defeated and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited. * * * Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure."

█ It seems to us the rulings and opinions in the cases above cited are sound. We, therefore, hold the plaintiff was the defendant's guest without payment for her transportation. Under our statute the plaintiff is not entitled to recover unless the accident was intentional on the part of the defendant or caused by the latter's heedlessness or her reckless disregard of others. It is not alleged the accident was intentional. The phrase "or caused by his heedlessness or his reckless disregard of others" is construed as meaning gross negligence. Napier v. Mooneyham et al., Tex.Civ.App., 94 S.W. 2d 564, writ of error dismissed; Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077; Glassman v. Feldman, Tex.Civ.App. 106 S. W.2d 721; Hamilton v. Perry, Tex.Civ. App., 109 S.W.2d 1142.

In International & Great Northern Railway Co. v. Cocke, 64 Tex. 151, Judge Stayton said:

"Negligence cannot be considered 'gross' unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others."

█ In determining whether the defendant was guilty of gross negligence the general allegations contained in the petition that defendant was grossly negligent must be disregarded as mere conclusions of the pleader. The concrete facts alleged determine whether the defendant was grossly negligent in undertaking to pass the automobile in front of her. We do not think the concrete facts alleged show gross negligence. Fly v. Swink, 17 Tenn.App. 627, 69 S.W.2d 902, certiorari denied by Supreme Court; Aycock v. Green, Tex.Civ.App., 94 S.W.2d 894; Crosby v. Strain, Tex.Civ. App., 99 S.W.2d 659; Pfeiffer v. Green, Bledsoe v. Pfeiffer, Tex.Civ.App., 102 S. W.2d 1077; Glassman v. Feldman, Tex. Civ.App., 106 S.W.2d 721; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142.

The facts alleged show nothing more than ordinary negligence on the part of the defendant, and since the plaintiff was a guest in defendant's car without the payment of compensation for her transportation no cause of action against the defendant is shown. The demurrer was properly sustained and the judgment of dismissal should be affirmed. It is so ordered.