Hart, J.
 

 The decision of this case calls for the construction of Section 6308-6, General Code, popularly known as the “Ohio Guest Statute.” Its context is as follows:
 

 “The owner., operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a
 
 *188
 
 guest while being
 
 transported without payment therefor
 
 in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.” (Italics ours.)
 

 In 2 Restatement of Torts, 1273, Section 490, the designation of “passenger” as one carried for hire or reward, as distinguished from “guest” as one carried gratuitiously, that is, without any financial return except such 'slight benefit as is customary as part of the ordinary courtesy of the road, has been adopted. For convenience, these designations will be adopted in this opinion to distinguish a person who has paid for his transportation within the meaning of the statute from one who has not made such payment.
 

 Clearly, the purpose of the Ohio statute is to relieve a motorist from all liability for injury to or death of his “guest” resulting from the operation of the motor vehicle, unless such injury or death results from the motorist’s wilful or wanton misconduct in such operation.
 

 As before stated, in this case no contention was made and no evidence was adduced to support a claim that defendant was guilty of wilful or wanton misconduct. The sole question to be determined is whether the plaintiff was a “guest” or “passenger.” This depends upon whether the transportation of the plaintiff was with or without “payment therefor.”
 

 What is meant by the words of the statute, “transported without payment therefor,” as applied to the facts in this case? Keeping in mind the purpose of the statute, it would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation will not take him out of the guest status fixed by the statute, unless payment for transportation as such was actually agreed upon. The justice of this
 
 *189
 
 rule is based on tbe fact that it would be unfair to hold tbe motorist to liability for injuries to bis guest due to tbe hazards of transportation, unless tbe motorist is, in turn, compensated for such transportation in a manner substantially commensurate with tbe cost and tbe hazards of tbe undertaking.
 

 On the other band, where tbe relationship between tbe automobile host and a party riding with him has a business aspect and tbe transportation is supplied for their mutual benefit, any payment or service rendered to tbe automobile host by such person for tbe ride will constitute “payment therefor” and will remove tbe automobile host from tbe protection of tbe statute.
 

 It is not necessary that payment for such transportation be made in money. It is sufficient if'tbe passenger by bis presence in tbe automobile or by service or assistance to tbe operator in making the trip, compensates tbe operator or tbe owner in a material or business sense as distinguished from mere social benefit or nominal or incidental contribution to expenses. It has generally been held that payment for transportation is made: (1) When tbe carriage is of a prospective purchaser of property which tbe automobile host has for sale and tbe trip is made for tbe purpose of inducing a sale
 
 (Connett
 
 v.
 
 Winget,
 
 374 Ill., 531, 30 N. E. [2d], 1;
 
 Bookhart
 
 v.
 
 Greenlease-Lied Motor Co.,
 
 215 Ia., 8, 244 N. W., 721, 82 A. L. R., 1359;
 
 Dahl, Exrx.,
 
 v.
 
 Moore,
 
 161 Wash., 503, 297 P., 218); (2) when tbe automobile host has a financial or business interest in tbe time or service of tbe passenger and tbe purpose of tbe transportation is to take tbe passenger to or from bis place of employment
 
 (Kruy
 
 v.
 
 Smith,
 
 108 Conn., 628, 144 A., 304;
 
 Russell
 
 v.
 
 Parlee,
 
 115 Conn., 687, 163 A., 404;
 
 Haas
 
 v.
 
 Bates,
 
 150 Ore., 592, 47 P. [2d], 243;
 
 Knutson
 
 v.
 
 Lurie,
 
 217 Ia., 192, 251 N. W., 147;
 
 Garrett
 
 v.
 
 Hammack,
 
 162 Va., 42, 173 S. E., 535;
 
 Hart
 
 v.
 
 Hogan,
 
 173 Wash., 598, 24 P. [2d], 99;
 
 Labatte
 
 v.
 
 Lavallee,
 
 258 Mass., 527, 155 N. E., 433); (3) when tbe passenger
 
 *190
 
 is making the trip to assist the automobile host in arriving at the latter’s destination or to perform some service for the latter’s benefit
 
 (Dorn, Admr.,
 
 v.
 
 Village of North Olmsted,
 
 133 Ohio St., 375, 14 N. E. [2d], 11;
 
 Albrecht
 
 v.
 
 Safeway Stores, Inc.,
 
 159 Ore., 331, 80 P. [2d], 62;
 
 Scholz
 
 v.
 
 Leuer,
 
 7 Wash. [2d], 76, 109 P. [2d], 924;
 
 Cardinal
 
 v.
 
 Reinecke,
 
 280 Mich., 15, 273 N. W., 330;
 
 Loftis
 
 v.
 
 Pelletier,
 
 223 Mass., 63, 111 N. E., 712;
 
 Lyttle
 
 v.
 
 Monto,
 
 248 Mass., 340, 142 N. E., 795;
 
 Jackson
 
 v.
 
 Queen,
 
 257 Mass., 515, 154 N. E., 78;
 
 Labatte
 
 v.
 
 Lavallee, supra; Semons
 
 v.
 
 Towns,
 
 285 Mass., 96, 188 N. E., 605. Compare
 
 Sullivan
 
 v.
 
 Harris,
 
 224 Ia., 345, 276 N. W., 88.); (4) when a substantial or tangible benefit is conferred upon the automobile host in lieu of and for the transportation
 
 (Chooljian
 
 v.
 
 Nahigian,
 
 273 Mass., 396, 173 N. E., 511;
 
 Gage
 
 v.
 
 Chapin Motors, Inc.,
 
 115 Conn., 546, 162 A., 17;
 
 Blanchette
 
 v.
 
 Sargeant,
 
 87 N. H., 15, 173 A., 383); (5) when the automobile host and passenger embark on a joint adventure or enterprise in which each is equally or similarly interested, and which adventure or enterprise is of such moment and character as to indicate that-payment is the motivating influence in providing the transportation
 
 (Walker
 
 v.
 
 Adamson,
 
 9 Cal. [2d], 287, 70 P. [2d], 914;
 
 Sigel, Admx.,
 
 v.
 
 Gordon, Admr.,
 
 117 Conn., 271, 167 A., 719;
 
 Bree, Admr.,
 
 v.
 
 Lamb,
 
 120 Conn., 1, 178 A., 919;
 
 Smith
 
 v.
 
 Clute,
 
 277 N. Y., 407, 14 N. E. [2d], 455, construing Montana statute and reversing
 
 Smith
 
 v.
 
 Clute,
 
 251 App. Div., 625, 297 N. Y. Supp., 866); (6) when the passenger is an involuntary occupant of the automobile
 
 (Rocha
 
 v.
 
 Hulen,
 
 6 Cal. App. [2d], 245, 44 P. [2d], 478, cited in
 
 McCann
 
 v.
 
 Hoffman,
 
 9 Cal. [2d], 279, 70 P. [2d], 909); and (7) when the compensation is paid by a third person
 
 (McGuire
 
 v.
 
 Armstrong,
 
 268 Mich., 152, 255 N. W., 745;
 
 Elliott
 
 v.
 
 Behner,
 
 146 Kan., 327, 73 P. [2d], 1116).
 

 By the weight of authority, the sharing of the cost of gasoline and oil consumed on a trip taken for
 
 *191
 
 mutual pleasure or social purposes does not transform into a passenger one who without such exchange would be a guest, and is not “payment” for transportation within the meaning of the Ohio Guest Statute (Section 6308-6, ■ General Code), so as to make the automobile host liable to such guest in the absence of wilful or wanton misconduct. 4 Blashfield Cyclopedia of Automobile Law and Practice (Perm Ed.), 79, Section 2292;
 
 McCann
 
 v.
 
 Hoffman, supra; Master
 
 v.
 
 Horowitz,
 
 237 App. Div., 237, 261 N. Y. Supp., 722; affirmed
 
 Master
 
 v.
 
 Horowitz,
 
 262 N. Y., 609, 188 N. E., 86;
 
 Morgan
 
 v.
 
 Tourangeau,
 
 259 Mich., 598, 244 N. W., 173;
 
 Guiney
 
 v.
 
 Osborn,
 
 295 Mich., 559, 295 N. W., 264;
 
 Bushouse
 
 v.
 
 Brom,
 
 297 Mich., 616, 298 N. W., 303;
 
 Eubanks
 
 v.
 
 Kielsmeier,
 
 171 Wash., 484, 18 P. (2d), 48;
 
 Carboneau
 
 v.
 
 Peterson,
 
 1 Wash. (2d), 347, 95 P. (2d), 1043;
 
 Hale
 
 v.
 
 Hale,
 
 219 N. C., 191, 13 S. E. (2d), 221, construing the Virginia statute;
 
 McCormack
 
 v.
 
 Pickerell,
 
 225 Ia., 1076, 283 N. W., 899;
 
 Barnard, Admx.,
 
 v.
 
 Heather,
 
 135 Neb., 513, 282 N. W., 534.
 

 It must be admitted that there is some confusion in the decisions of the courts as to what constitutes either a “guest” or a “passenger” under a guest statute so far as that status is determined by actual payment of the expenses or a share of the expenses of the trip to the motorist or automobile host by the person accepting the ride. But nearly all the decisions on this subject may be reconciled when the test is applied as to whether the trip has a business or social aspect. A study of the cases discloses that whenever the person paying for gasoline, oil or other automobile expenses is held to be a passenger, it appears that the contract for transportation bears one or more of the indices of a business arrangement, even though the ultimate purpose may be for pleasure.
 

 For instance, one who with two others agreed in advance to share with the owner of the automobile the expense of gasoline and oil on a planned motor trip
 
 *192
 
 from Omaha to Florida and return, and did contribute to a fund from which such expenses were paid, is a passenger and not a guest within the Florida statute exempting from the operation thereof persons making payment for their transportation.
 
 Teders
 
 v.
 
 Rothermel,
 
 205 Minn., 470, 286 N. W., 353. Members of a party of four desiring to make a trip from Charlotte, N. C., to Charleston, S. C., under an agreement with the driver of an automobile that they would furnish the lunch and divide the expense of gasoline and oil for the trip, which they did, were passengers and not guests “without payment” within the meaning of the South Carolina Quest Statute.
 
 Clodfelter
 
 v.
 
 Wells,
 
 212 N. C., 823, 185 S. E., 11.
 

 One who approached another, a stranger, advising the latter that she desired to make a trip from Seattle to Rockport, that she had no means of transportation, and that she would gladly share expense with any one making the trip who would take her along, which arrangement was made with such other, was found by a jury to be a passenger and not a guest, and a verdict and judgment in her favor based upon such relationship was not set aside.
 
 Potter
 
 v.
 
 Jaurez,
 
 189 Wash., 476, 66 P. (2d), 290. Three parties planned a hunting trip which required travel from a point in Washington to Tule Lake, Oregon. The trip was made in the automobile of one of the parties, the defendant, in which he took the others and the hunting equipment. It was planned and agreed upon that the three would jointly contribute to the expense of the trip. The plaintiff, one of the parties riding with the owner and operator of the automobile, being injured, was held to be a passenger and not a guest.
 
 Lloyd
 
 v.
 
 Mowery,
 
 158 Wash.,. 341, 290 P., 710. The plaintiff, the mother of the defendant, living in the same town but not in the same family, engaged the latter to take her from Barre, Vermont, to Hartford, Connecticut, to visit her other children, agreeing to pay the son the expenses
 
 *193
 
 incident to the trip and actually paid him $20 for such expenses before leaving home. The mother, who was injured on the trip through the negligence of the son, was a passenger and not a guest.
 
 Campbell
 
 v.
 
 Campbell,
 
 104 Vt., 468, 472, 162 A., 379, 85 A. L. R., 626, 629. A person constituting one of a fishing party of ten, having no previous acquaintance, riding in three automobiles from Chester, Pennsylvania, to Lewes, Delaware, who agreed in advance of the trip to share in the expense of the operation of the automobile and who was injured while riding in one of the automobiles operated by another member of the party, was held to be a passenger and not a guest transported “without payment for such transportation” under the Delaware Guest Statute.
 
 Kerstetter
 
 v.
 
 Elfman,
 
 327 Pa., 17, 198 A., 663.
 

 In the case at bar, the proposal of the plaintiff to pay her share of the gasoline and oil on this trip, which was purely social in nature, makes her arrangement with the defendant fall within the class of cases above mentioned wherein the proposal amounts to a social courtesy and not a business contract for transportation, and does not serve to remove her from the status of “guest.”
 

 As above noted, the case of
 
 Dorn, Admr.,
 
 v.
 
 Village of North Olmsted, supra,
 
 is to be distinguished from the case at bar. The operative facts in that case indicate a situation wherein the trip was made by the passenger at the request of the driver for the sole accommodation and benefit. of the latter, namely to point out to him the place of his desired destination. This, under the authorities heretofore cited, is regarded as “payment” by the passenger for the transportation and makes the driver liable to the passenger for want of ordinary care in the operation of the automobile.
 

 Taking the evidence of plaintiff in this case as true, it does not show the relationship of passenger and car
 
 *194
 
 rier but that of guest and host, and does not entitle the plaintiff to recover. The trial court erred in not sustaining the motion of defendant to direct a verdict in his favor.
 

 The judgment of the Court of Appeals is reversed, and final judgment is entered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner., Williams, Matthias, Zimmerman and Bettman, JJ., concur.