## JOHNSON v. LONG et al.
### No. 6107.

Court of Civil Appeals of Texas. Texarkana.
March 22, 1944.

Rehearing Denied March 30, 1944.

———◇———

Robt. B. Keenan, of Quitman, and G. C. Parker, of Gladewater, for appellant.

Wynne & Wynne, and Philip Brin, all of Longview, Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, and Dan P. Johnston and Vernon Coe, both of Dallas, for appellees.

WILLIAMS, Justice.

In this suit, Joe Johnson, plaintiff below, was denied a recovery for damages for injuries received by him while riding on a Ford dump truck driven by C. J. White. M. L. Long, owner of the truck, Robert E. McKee, a construction contractor, and White, the driver, were named defendants. Plaintiff alleged and the evidence shows that at the time plaintiff was injured he was riding on the truck as a guest of defendant, White, without payment for such transportation. His right of recovery is controlled by the provisions of Sec. 1, Art. 6701b, Vernon's Ann. Civil Statutes, which reads:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of [the] rights of other's."

Plaintiff alleged that after he had flagged the truck and it had stopped, White "told him to climb into the dump cart"; and before plaintiff got into the dump cart, White suddenly started up the truck with a lunge which threw plaintiff into the space between the cab and the dump body on to an open drive shaft and universal joint, resulting in the injuries described in his petition. To meet the requirements of Sec. 1, Art. 6701b, supra, plaintiff alleged that such sudden start of the truck with a lunge before plaintiff could get into the dump cart and such sudden start without White's first ascertaining if plaintiff were in the dump cart was "heedless and in reckless disregard of plaintiff's safety which constituted rash carelessness, indifference and wanton misconduct on the part of defendant White." At the close of the evidence offered by plaintiff, the court, upon motions urged by defendants which set out various grounds therefor, instructed the jury to return a verdict for the defendants.

The controlling question presented is whether or not the alleged negligence under all the facts and circumstances surrounding the occasion of the injury, when viewed in the most favorable light from the standpoint of plaintiff, was sufficient in law to constitute that degree of negligence as to meet the requirements of Sec. 1, Art. 6701b, supra.

After being flagged by plaintiff, defendant White brought the truck to a stop. In response to the request for a ride down the road, defendant White told plaintiff, in the words of plaintiff, to "get in" or "catch on." The cab was occupied by defendant White and one J. F. Smith. Plaintiff mounted the running board of the truck on the driver's side, and then, according to plaintiff's testimony, he proceeded to "step upon the chassis to get into the body. * * * I was here and I had my right hand on this outfit here and it seemed to me that the truck run back and throwed me off balance, and something hit me here on the head * * * don't really know what it did do, just imagine it started back;

\* \* \* the truck must have started back or forward to cause me to fall; I don't know whether my foot slipped on the mist where the car was slick, I do not know exactly what caused me to fall; I know it started forward; I know it run back just a little bit; \* \* \* the lick on my head knocked me unconscious and I didn't know anything until I came to in the hospital several days later." The truck was traveling uphill when it stopped for plaintiff. The accident occurred on a cool morning in February when it had "been misting a little bit."

According to the testimony of J. F. Smith, introduced by plaintiff, defendant White told plaintiff to "get in and ride up there" and plaintiff said, "okay", and "I thought he got in the dump bed and was all right. \* \* \* It was before daylight, you couldn't see back there. \* \* \* I reckon we went 100 or 150 yards up the road when it seemed that all at once something went to quivering like the brake was on, and we got out and looked and found plaintiff in between the bed and the cab, and his arm was all twisted up around that shaft, it was still dark." He further testified that defendant White started up the truck after plaintiff had climbed on the car and had said "okay", and that there was not anything unusual about starting up the car that he noticed. According to the witness Blackman, the truck stopped long enough for a man to get on the truck, "only just a few seconds and then it went on up the hill. \* \* \* I couldn't tell how long it stood there; when it started up it started up fast, as a quick get-off." No claim is made either in evidence or pleading that the acts complained of were done intentionally.

In Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142, 1143, applicable to the facts in this record, it is stated:

"\* \* \* the judgment for plaintiff must be supported, if at all, upon evidence that his injuries were the proximate result of such acts and conduct of the defendant as could properly be construed as his 'heedlessness' and his 'reckless disregard of the rights of others,' that is, such acts and conduct as to constitute wanton misconduct or gross negligence. After a careful consideration, viewing all the evidence in the most favorable aspect for the plaintiff, the acts and conduct of defendant on this occasion are not sufficient to convict defendant of that character of 'heedlessness and reckless disregard of the rights of others,' that is, gross negligence or wanton misconduct as contemplated by this 'guest' statute. Conceding to plaintiff every possible inference arising from the testimony, nothing more is shown than ordinary negligence. The acts of defendant here reflect momentary thoughtlessness, inadvertence, or error of judgment, not acts in the nature of a continued or persistent course of action." Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022, and cases there collated; Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190; Bennett v. Howard, Tex.Sup., 170 S.W.2d 709.

The conclusion reached renders unnecessary a discussion of the liability, if any, of the other named defendants for the acts of the driver of the truck. Appellant concedes no liability on the part of defendant McKee was shown.

The judgment will be affirmed.