Taft, J.
In view of our decision in Manker v. Shaffer, 161 Ohio St., 285, 118 N. E. (2d), 641, the allegations of the petition were probably sufficient, under the rule of res ipsa loquitur, to raise a jury question as to whether defendant’s negligence was a proximate cause of plaintiff’s injuries. However, there are no allegations in the petition which can be construed as allegations of “willful or wanton misconduct” within the meaning of those words as used in the Ohio guest statute, Section 4515. 02, Revised Code, which reads:
‘ ‘ The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle.”
Although plaintiff argued that the evidence would justify an inference of willful or wanton misconduct of the defendant, no effort was made to amend the petition to allege such misconduct, and the evidence in the record cannot, in our opinion, justify a reasonable inference of such misconduct.*
Although Leppelmeier testified that he furnished defendant with gasoline without any charge therefor before they em *434 barked on the automobile ride which ended in the injuries to plaintiff, no contention is made, probably because of our decisions in Hasbrook v. Wingate, 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342, and Duncan v. Hutchinson, 139 Ohio St., 185, 39 N. E. (2d), 140, that this represented any “payment” for plaintiff’s transportation within the meaning of the Ohio guest statute.
Therefore, the only question to be decided is whether one, who has voluntarily become intoxicated to such an extent that he cannot know or understand what he is doing, may, while in that condition, become and be a guest within the meaning of the Ohio guest statute.
Heretofore, some of the opinions of this court interpreting the Ohio guest statute have used the “designation of ‘passenger’ as one carried for hire or reward, as distinguished from ‘guest’ as one carried gratuitously.” The result has been some tendency toward confusion because of use of those words instead of referring to the statutory words, “guest * * * transported without payment therefor” (see Vest, a Minor, v. Kramer, 158 Ohio St., 78, 84, 87, 93, 107 N. E. [2d], 105), and also because of the necessity of squeezing into the definition of “passenger” paying guests as well as those for whose transportation nothing has been paid and who are not really guests at all. See Duncan v. Hutchinson, supra (139 Ohio St., 185), 190 (“involuntary occupant”). Obviously, one who is kidnaped or forced against his will to ride in an automobile is not a “guest,” even though no payment is made for his transportation. He could, however, be reasonably described as a “passenger other than a guest.”
Plaintiff contends that one who is mentally incapable of accepting an invitation to ride in an automobile cannot become a guest under the Ohio guest statute. Obviously, the soundness of that contention will depend upon whether acceptance of the beneficial hospitality and privileges conferred upon one by another is necessary to establish the former as a guest or whether a mere receipt of such hospitality and privileges is sufficient for that purpose.
Our guest statute does not define the word “guest,” al *435 though its application to a guest has been carefully limited to “while such guest is being transported without payment therefor in or upon * * * [a] motor vehicle.”.
Some support for plaintiff’s contention is indicated in the annotation at 16 A. L. R. (2d), 1304, where it is said that “the view has been taken * * * that if an infant is of such tender age as to be legally incapable of ‘accepting’ a ride in a motor vehicle, such infant is not a ‘guest.’ ” However, as indicated in that annotation, that “view” has apparently only been supported by one court of last resort and two intermediate appellate courts and it has apparently been rejected by at least two courts of last resort.
Kudrna v. Adamski, 188 Ore., 396, 216 P. (2d), 262, 16 A. L. R. (2d), 1297 (1950), holds that an infant of tender years cannot be a “guest” because it cannot “exercise a choice” and therefore cannot “accept” hospitality from another. In so holding, the court relied upon a statement in one of its previous opinions that the evil which brought about enactment of the guest statute was a consideration that it was “not # * * just that one who accepts the kindness or hospitality of an automobile owner or operator, in extending an invitation to ride, should recover * * * for personal injuries” caused by mere negligence. In our opinion, that statement would have been just as sound if the word “receives” had been used instead of “accepts.”
After referring to the similar decision in Rocha, a Minor, v. Hulen, 6 Cal. App. (2d), 245, 44 P. (2d), 478 (1935), the Oregon court said:
“ [It] * * * is sought to be distinguished because the California statute reads, ‘any person who as a guest accepts a ride in any vehicle’ * * *; while our statute does not contain the word ‘accepts.’ But * # * this court has defined a guest as one who ‘accepts’ a ride, so that the suggested ground of distinction does not exist. ’ ’
A similar result was reached in Fuller v. Thrun, 109 Ind. App., 407, 31 N. E. (2d), 670 (1941), by so construing the word “guest.”
However, it has been held by other courts that a child of *436 tender years may become and be a guest although, it does not have the mental capacity to accept an invitation. Morgan, a Minor, v. Anderson, 149 Kan., 814, 89 P. (2d), 866 (1939); Tilghman, Admr., v. Rightor, 211 Ark., 229, 199 S. W. (2d), 943 (1947); In re Wright’s Estate, 170 Kan., 600, 228 P. (2d), 911 (1951 — saying as to four-year-old child, “the weight of authority is that a minor * * * can be a guest even though unaccompanied by parent or guardian, even though no consent of parent or guardian is shown”).
Although there may be an acceptance of hospitality by a a guest (see paragraph four of syllabus of Dorn, Admr., v. Village of North Olmstead, 133 Ohio St., 375,14 N. E. [2d], 11), the ordinary meaning of the word “guest” does not require anything more than the giving of such hospitality in order to make the person, receiving and to be benefited by it, a guest. Linn v. Nored, 133 S. W. (2d), 234, 237 (Tex. Civ. App., 1939— holding intoxicated person guest under guest statute — “one is a guest who is the recipient of the voluntary hospitality of the * * * operator”). See Chanson v. Morgan’s L. & T. R. R. & S. S. Co., 18 La. App., 602, 136 So., 647 (1931 — “automobile guest is a person received and entertained in the automobile of another”) ; Webster’s New International Dictionary (2 Ed.) (“a person entertained * * * [or] to whom hospitality * * * is extended”) ; the Oxford English Dictionary (“one who is entertained * * *”).
Hence, it is our conclusion that one may become and be a guest in an automobile within the meaning of the Ohio guest statute although he may be mentally incapable of accepting an invitation to ride in that automobile.
We do not mean to say that one who is mentally incapable of accepting hospitality will always be a guest when taken for a ride in an automobile without any payment therefor. However, there is no evidence in the instant case tending to prove that defendant, in providing transportation for plaintiff, was not, as he apparently was (apart from the unfortunate and unexpected outcome of that transportation), conferring a benefit on the plaintiff.
In our opinion, the Common Pleas Court should have sustained defendant’s motion for judgment non obstante veredicto. *437 The judgment of the Court of Appeals is therefore reversed and final judgment is rendered for defendant.

Judgment reversed.

Weyoandt, C. J., Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.

It may be observed that, in the instant case, as in a case such as Helleren, Admx., v. Dixon, 152 Ohio St., 40, 86 N. E. (2d), 777, the conduct of the automobile driver, that is claimed to have been willful or wanton misconduct, necessarily exposed such driver to the same risk of serious injury or death to which it exposed his guest. Because of that factor, it appears to the writer of this opinion that reasonable minds may frequently have difficulty in finding the conduct of such driver to be willful or wanton misconduct unless the evidence will support an inference that the driver had such a disposition to perversity as either to want or to be willing to seriously injure or kill himself, or to be wholly indifferent as to whether he did so.