**Earl FOSTER, Appellant,**

v.

**Jimmy H. HARVILL and Leroy Grant,
Appellees.**

No. 3939.

Court of Civil Appeals of Texas.

Waco.

Jan. 11, 1962.

Rehearing Denied Feb. 1, 1962.

Carl Waldman and John T. Lindsey, Beaumont, for appellant.

Marcus & Weller, Orgain, Bell & Tucker, Beaumont, for appellee.

McDONALD, Chief Justice.

This is an appeal from an instructed verdict that plaintiff take nothing (against 2 separate defendants).

Plaintiff Foster was a passenger in a car driven by defendant Grant. Defendant Grant was proceeding east on Highway 365. Defendant Harvill was proceeding north on Highway 347. Defendant Harvill's car struck the car driven by defendant Grant, and in which plaintiff Foster was a passenger. Plaintiff Foster was injured.

SCHEMATIC DIAGRAM

Plaintiff brought suit against defendant Grant, alleging that Grant was guilty of negligence and gross negligence in failing to keep a proper lookout, in failing to keep his automobile under proper control, and in driving at an excessive rate of speed under the facts and circumstances.

Plaintiff brought suit against defendant Harvill, alleging that Harvill was guilty of negligence in driving at excessive speed; in failing to keep a proper lookout; in failing to keep his automobile under proper control; and in failing to yield the right of way to the automobile in which plaintiff was riding.

At the close of the evidence, the Trial Court instructed verdict that plaintiff take nothing as to both defendants. Plaintiff appeals, contending:

1) The Trial Court erred in refusing to permit plaintiff to file trial amendment in the alternative that plaintiff and defendant Grant were on a joint enterprise.

2) The Trial Court erred in granting instructed verdict for defendant Grant because the evidence raised an issue of fact for the jury as to the gross negligence of defendant Grant in failing to keep a proper lookout, in failing to keep his automobile under proper control, and in driving at an excessive rate of speed under the facts and circumstances.

3) The Trial Court erred in granting instructed verdict for defendant Harvill because the evidence raises an issue of fact as to the negligence of defendant Harvill as to speed, proper lookout, proper control, and failure to yield right of way.

We revert to plaintiff's 1st contention that the Trial Court erred in refusing to permit plaintiff to file trial amendment in the alternative that plaintiff and defendant Grant were on a joint enterprise. Plaintiff went to trial on his second amended original petition in which he charged defendant Grant with "gross negligence." Plaintiff Foster, as a guest, could not recover against defendant Grant, except for "gross negligence." At the close of the

plaintiff's evidence, plaintiff Foster offered a trial amendment in which he alleged that he and Grant were on a "joint enterprise." The Trial Court overruled such motion. If the parties were on a joint enterprise, plaintiff could recover from defendant Grant for ordinary negligence.

■ There is no evidence in the record to raise an issue of joint enterprise between plaintiff Foster and defendant Grant. Moreover, plaintiff Foster so concedes in his brief in this court. The point is overruled.

Plaintiff's 2nd contention is that the Trial Court erred in granting instructed verdict that plaintiff take nothing as to defendant Grant. The evidence reflected that the car driven by defendant Harvill crashed into the right side of the car driven by defendant Grant. When the collision occurred, the car driven by Grant was almost across the intersection. The collision occurred about midnight and the weather was foggy. There was a stop sign confronting the Grant car at the intersection. Plaintiff charges Grant with gross negligence in failing to keep a proper lookout, in failing to keep his automobile under control, and in driving at an excessive rate of speed, under the facts and circumstances.

■ For plaintiff, as a passenger, to recover against the driver Grant, he must prove "gross negligence." Gross negligence is the heedless and reckless disregard of the rights of others, and includes the element that it is the conscious indifference of the consequences of one's actions. Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Gill v. Minter, CCA, Er.Ref., 233 S.W.2d 585. Plaintiff himself testified that defendant Grant stopped at the stop sign, "and looked and wasn't nobody coming and we started across." We think that as a matter of law, gross negligence was not raised and that the Trial Court properly granted the instructed verdict that plaintiff take nothing as to defendant Grant. The contention is overruled.

■ Plaintiff's 3rd contention is that the Trial Court erred in granting instructed verdict that plaintiff take nothing as to defendant Harvill. Defendant Harvill contends that there was no evidence to show him guilty of negligence proximately causing the collision; and that because plaintiff attempted to file the trial amendment alleging that plaintiff was on a joint enterprise with defendant Grant (and introduced defendant's pleading to this effect) that plaintiff has made a judicial admission that he was on a joint enterprise, in which event defendant Grant's negligence is imputed to plaintiff Foster, barring a recovery as a matter of law.

Plaintiff alleged that defendant Harvill was guilty of negligence proximately causing the collision as to speed, proper lookout, proper control, and failure to yield the right of way. The record reflects (viewed most favorably against the instructed verdict) that defendant Harvill was driving 50 miles an hour on a foggy night in a 40 mile speed zone; that he did not see the Grant car until it was 15 feet in front of him on the highway; that he veered to his right 3 or 4 feet but was unable to avoid the collision. We think the record raises issues as to defendant Harvill's negligence proximately causing the collision.

Defendant Harvill contends that plaintiff's introduction of the defendant's pleading that his mission was a joint enterprise with defendant Grant, and his attempt to file trial amendment to such effect, constitutes a judicial admission that he was on a joint enterprise with defendant Grant and that Grant's negligence is imputed to plaintiff as a matter of law.

If the foregoing be true, we still do not think that the record herein establishes negligence on the part of Grant proximately causing the collision, as a matter of law. The jury should have been allowed to pass on this issue. Contention 3 is sustained.

The judgment of the Trial Court granting instructed verdict that plaintiff take

nothing as to defendant Grant is affirmed; and the judgment granting instructed verdict that plaintiff take nothing as to defendant Harvill is reversed and cause as to defendant Harvill is remanded. Costs of appeal adjudged ½ against plaintiff Foster, and ½ against defendant Harvill. Affirmed in part and reversed and remanded in part.