**J. N. MATLOCK, Appellant,**

v.

**L. A. HOOGE, d/b/a L. A. Hooge Co., et al.,
Appellees.**

No. 14058.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 6, 1963.

Rehearing Denied March 6, 1963.

Prickett & Tracy, San Antonio, for appellant.

Groce & Hebdon, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by James Norman Matlock against L. A. Hooge, d/b/a L. A. Hooge Co., and Charles L. Pattillo, seeking to recover damages for personal injury sustained in an automobile accident near Edinburg, Texas. The automobile was owned by Hooge Company and was being driven by Pattillo at the time of the collision. Matlock, his twelve-year-old nephew, and one Ramirez were passengers in the Volkswagen automobile which Pattillo was driving, and when he fell asleep the Volkswagen struck a palm tree and caused the injuries complained of by Matlock. The trial court granted defendants' motion for a summary judgment and Matlock has prosecuted this appeal.

Matlock contends that he was not a guest in the Volkswagen at the time of the accident, within the meaning of our "Guest Statute," Art. 6701b, Section 1, Vernon's Ann.Civ.Stats., but was a "business invitee." Pattillo was an employee of Hooge Co., and was manager of the Company's branch office in Edinburg at the time. Hooge Co. was a buyer and seller of vegetables in the Valley, and it was Pattillo's duty, among other things, to ship the produce out of the Valley. This produce was shipped either by truck or train. Hooge Co.'s main office was in San Antonio, Texas. Matlock was an independent trucker and hauled produce around the country. He had done a lot of hauling for Hooge Co., but had made only one other trip to the Lower Rio Grande Valley. Matlock and Pattillo had been friends for several years. On May 15, 1961, Matlock arrived in San Antonio with a load of produce for Hooge Co., and after unloading he was advised that Hooge Co. had no return load for him, but there was plenty of hauling from the Valley. Matlock decided to continue on to Edinburg and pick up a load there. He arrived late in the afternoon and went to the branch office of Hooge Co., where he contacted Pattillo and asked if he could give him a load. Pattillo took Matlock in his car and they went to several sheds to see if Pattillo could buy a load

for Matlock to haul, but was unsuccessful. Matlock then asked Pattillo about going to Reynosa, Old Mexico, to get something to eat. Pattillo informed him that he couldn't go until he finished his work, and that he would pick him and his nephew up later at the motel where Matlock was staying, and they would go to Reynosa. Afterwards Pattillo went by the motel in the Volkswagen for Matlock and his nephew, they proceeded to the office of Hooge Co., where Pattillo picked up a check which he delivered to a hauler somewhere south of Edinburg, and then drove on across the Rio Grande to Reynosa, Mexico, where they had something to eat, and Matlock drank a beer, but Pattillo did not take any alcoholic drink. They then saw a floor show and prepared to return to Edinburg. Matlock's nephew was asleep in the rear seat of the Volkswagen. When they reached the Volkswagen, one Ramirez, with whom Pattillo was acquainted, asked for a ride back to Edinburg, which request was granted. With Pattillo driving, Ramirez and Matlock on the front seat, and the nephew on the rear seat of the Volkswagen, the party began their return trip to Edinburg. They crossed the bridge, and soon all were asleep except Pattillo. Pattillo remembered passing through Pharr, Texas, on Highway 281, about 3 o'clock in the morning, but soon thereafter fell asleep. The Volkswagen struck a palm tree and Matlock was injured. Pattillo was driving all right until he fell asleep and struck the palm tree.

■ If Matlock was a "business invitee" at the time Pattillo was driving him around Edinburg, trying to get him a load to haul back to San Antonio or some other point north, he ceased to be such "business invitee" when he, his nephew and Pattillo left Edinburg to go to Reynosa to get something to eat. Matlock did not pay Pattillo anything to take him and his nephew to Reynosa. They were simply going across the river as friends. Each paid for his own meal. Pattillo. told Matlock that he would not be able to get him a load until the following evening. Pattillo was not in the habit of taking truckers across the river to dine. It was not the policy of Hooge Co. to have him do so. The trip to Reynosa was simply a side trip taken by friends, and it had nothing to do with business. Matlock was Pattillo's guest at the time of the accident within the meaning of Art. 6701b, Sec. 1, supra. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194.

■ The record conclusively shows that the only negligence Pattillo was guilty of was falling asleep while driving at about 3 o'clock in the morning. Such negligence is ordinary negligence and does not constitute gross negligence. Wood v. Orts, Tex. Civ.App., 182 S.W.2d 139; Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564; Kaplan v. Kaplan, 213 Iowa 646, 239 N.W. 682; 28 A.L.R.2d, § 32, p. 60. The record shows that Pattillo was not guilty of willfulness, heedlessness or recklessness, and therefore the trial court properly granted appellees' motion for summary judgment.

The judgment of the trial court is affirmed.