Henry De Luce SNYDER, Individually, and
as Next Friend of Dierdre Sny-
der, Appellant,

v.

Louis Glynn JONES, Appellee.

No. 101.

Court of Civil Appeals of Texas.

Corpus Christi.

June 2, 1965.

Rehearing Denied June 29, 1965.

Francis I. Gandy, Jr., of Butler, Schraub, Schafer & Gandy, Corpus Christi, for appellant.

M. W. Meredith, Jr., of Keys, Russell, Watson & Seaman, Corpus Christi, for appellee.

NYE, Justice.

This is a summary judgment case. Dierdre Snyder, a minor, sustained personal injuries when an automobile in which she was riding as a guest was involved in a one-car upset. The appellant, the father of Dierdre Snyder, individually and as next friend for his daughter, brought suit for damages, and alleged gross negligence on the part of the appellee, the owner of the car, in entrusting a known defective automobile to his daughter Diana Jones, a minor who was driving the vehicle at the time of the accident. The trial court granted the defendant's motion for summary judgment and entered judgment that plaintiff take nothing by his suit. From this judgment appellant has perfected his appeal.

The appellant has predicated his appeal on only one point, contending that the trial court erred in sustaining defendant's motion for summary judgment, thereby rejecting appellant's contention claimed to be supported by pleadings, affidavits and depositions that the entrustment by appellee to his minor daughter of a motor vehicle known by the appellee to have been in a defective condition was gross negligence and the proximate cause of Dierdre Snyder's injuries.

The provisions of the "Texas Guest Statutes" provide that a guest will have no action for injuries or loss against an automobile owner or operator unless an accident "* * * shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. * * *" Art. 6701b Texas Ann.Rev.Civ.St. This has the same meaning as the term "gross negligence." Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Rowan v. Allen, 1940, 134 Tex. 215, 134 S.W.2d 1022.

▉ The trial court that hears the motion for summary judgment must determine if there are any issues of fact to be tried and is to accept as true all evidence of the party opposing the motion for summary judgment, which tends to support such party's contention and to give him the benefit of every reasonable inference which can be drawn in favor of his position. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19, Sup.Ct.1963. All doubts as to existence of genuine issue of the material facts must be resolved against the party moving for a summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

▉ The trial court heard the motion for summary judgment on March 6, 1964. The trial judge asked for briefs and on March 13, 1964, announced that he had granted defendant's (appellee's) motion for summary judgment. Before entry of written judgment, plaintiff (appellant) moved for permission to file an affidavit of Henry Snyder, dated March 17th, and for the court to set aside its previous ruling. The Court, on April 4th, allowed the affidavit of Snyder to be filed and then allowed defendant (appellee) to take Snyder's deposition and ruled that no other evidence would be received. On April 20th, the date of the hearing, after one postponement at request of plaintiff, the plaintiff tendered for filing an additional affidavit * * * that of Dierdre Snyder. The trial court refused to allow the filing of such affidavit, to which plaintiff excepted. The trial court then again sustained defendant's motion for summary judgment and entered its order to that effect. Appellant does not bring forward this assignment of error concerning the failure to grant leave to file Dierdre's late affidavit and, therefore, it is waived. Rule 374 and Rule 418, Texas Rules of Civil Procedure. Stroud v. Jones, Tex.Civ.App., 295 S.W.2d 491, ref., n. r. e. (1956). The rule on summary judgments requires that the moving party give the opposition ten-

day notice of the hearing. The adverse party is allowed up until the day before the hearing to serve opposing affidavits. Rule 166a, T.R.C.P. Here, the time had passed. The trial court had allowed one late affidavit and refused a still later one. This was not an abuse of discretion. Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493 (1957 ref., n. r. e.). We have, however, reviewed Dierdre's testimony, and we do not find any material conflict in the two girls' versions of the happening of the accident that would affect the outcome of this case.

Appellee owned a 1960 Chevrolet which was some nine months old at the time of the accident and had been driven a little more than 26,000 miles. He loaned the vehicle to his daughter Diana one Sunday afternoon in April of 1961. She picked up her friend Dierdre for the purpose of riding around and to visit a cousin. Neither girl could recall exactly what happened that caused the accident. However, from the deposition and affidavits received by the trial court, the facts viewed most favorably to the appellant, were these:

Diana Jones, the driver, was just under seventeen at the time of the accident; she had had a driver's license only about one month but had learned to drive about two years previously. She had driven this car before and had not experienced any previous difficulty. Her father had given her permission to drive. A short distance from her home she stopped at a stop light, commented on the fact that she wasn't feeling too well, took a sip of coke from Dierdre, and handed it back to her. They drove on about a block on the inside lane of a four-lane street when all of a sudden the car veered to the right, ran up a guy wire and upset, injuring Dierdre. Diana did not remember applying the brakes and did not remember any reason why the brakes would have been applied.

Appellee Jones was unhappy with the car. He felt that he had more trouble with it than he should have had. He stated

that during the period he owned it he had trouble with the steering, the brakes and with the rear end being out of line. He did not discover that the rear end was out of line until three or four months prior to the accident when he noticed that the rear tires were wearing unevenly. The car had 18,000 miles on it at that time. Jones complained to General Motors with regard to the rear end alignment, but they refused to fix the rear end alignment under the warranty. He stated that he had difficulty with the steering, in that at times the power steering would seem to steer the same as a car with conventional steering. It never had a failure of the power steering, or steered as hard as a car with the power completely gone. The car never turned itself without the steering wheel being turned and when turned, the car always responded. He stated that on some occasions when the brakes were applied, he found it necessary to pump them once or twice. On other occasions the car pulled over to one side. He testified that he had added power steering and brake fluid to the car and that the steering and brakes had been adjusted or repaired.

Appellant stated in his affidavit and deposition that appellee had admitted to him that on one or more occasions on trips to West Texas the car had veered to the left or right without being turned while driving down the highway, and he might be driving along with one hand and had to grab with both hands. There was no evidence as to how long ago had been the last occurrence of such veering prior to the accident.

■ The appellant urges us to consider the statement of appellant Snyder. He stated in his affidavit that "the general tenor of Jones' conversation was, that Jones had the 'opinion' or 'felt' that either the steering or the brakes had caused the accident and that it was his fault." This constitutes inadmissible conclusions of fact and law. 2 McCormick & Ray, Texas Law of Evidence, § 1398. The affidavit shows

that Snyder is summarizing and drawing conclusions as to what Jones had said, rather than stating what he did say. Even if Snyder was quoting Jones as nearly as practicable, Jones' "feeling" or "opinion" as to what caused the accident after it had happened, did not in itself show any knowledge on Jones' part of a dangerous defect in the car before the accident. 2 McCormick & Ray, Texas Law of Evidence, § 1399.

■ Plaintiff's cause of action is based upon three allegations: (1) that Jones knew his car had a defect which made its operation dangerous; (2) that his entrustment of the car to his daughter constituted gross negligence; and (3) that the defect caused the accident. The only question before this Court is whether sufficient evidence is in the record to raise each of those three issues. First we consider whether or not Jones knew that his car had a dangerous defect. Considering the evidence most favorable to the appellant we find that the appellee admitted difficulties with the steering and braking systems over the period of ownership of the car on one or more occasions. On several trips to West Texas the car veered to the left or right without being turned while Jones was driving down the highway. There was no proof as to how long before the accident did the last such occurrence take place. Appellant admits that the appellee told him that he had had the steering checked after each occurrence. Jones testified that he had recurring trouble over the period of time that he had the car with the power steering and the brakes, but not constant trouble. He stated that he had had the brakes adjusted and repaired when he had the difficulties. There was no evidence as to whether Jones had knowledge of a continuing existing dangerous defect to the vehicle just prior to the accident.

■ Second: Was it gross negligence for Jones to let his daughter take the car? The definition of gross negligence has been applied as meaning "that entire want of

care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Citing Missouri Pacific Railroad Co. v. Shuford, 72 Tex. 165, 10 S.W. 408, 1888; again the Supreme Court stated "that the quality of negligence necessary to support a recovery under the guest statute is the same as that necessary to support a recovery of exemplary damages." Schiller v. Rice, supra.

◼ Assuming for the sake of argument that there was some evidence, which we do not believe there was, that Jones knew that his car had a dangerous defect at the time he permitted his daughter to use it * * *, then, by giving Jones the benefit to which he is entitled under the protection afforded to him by the Legislature in the "guest statute" * * * did he act with "heedlessness" or with "reckless disregard of the rights" of his daughter and her friend? Art. 6701d, T.R.C.S. Under these facts, was an issue raised, whereby the father, by giving permission to his daughter to use the car for herself and her guest, manifested "that entire want of care which would raise the belief that 'he was consciously indifferent to their welfare?'" We think not. Rowan v. Allen, supra. The conclusion reached from cases cited in 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2333, is:

"Under guest statutes basing liability on reckless disregard of others' rights, it is even held that no basis of liability is made out by reason of the operation of a defectively equipped automobile although the driver has knowledge of such defective condition.

"One driving an automobile when it is slightly out of repair is not chargeable with wanton and willful misconduct so as to permit recovery by a guest if a defect in an unexpected or unknown manner causes an accident. Moreover, the mere failure of a host

to make repairs, or the operation of a motor vehicle with a tire which has been damaged and later repaired, or the mere fact that a tire blows out does not alone show willful or wanton misconduct."

See also 8 Am.Jur.2d § 519; 96 A.L.R. 1479 et seq.; 23 A.L.R.2d 539 et seq.; Lee v. Lott, 50 Ga.App. 39, 177 S.E. 92 (1934); Stanbery v. Johnson, 218 Iowa 160, 254 N.W. 303 (1934).

◼ Third: Was the defect a proximate cause of the collision? Diana, the driver, stated that she did not know what caused the accident. There was evidence that the car suddenly veered to the right hand side of the street and went up the guy wire and turned over. There was evidence that on occasion the brakes had pulled the car to the right or to the left. However, they had been repaired and adjusted after such abnormal occasion. Neither girl remembers the brakes being applied or any reason for the brakes to have been applied. There was no evidence that they had been applied immediately prior to the accident. The car steering had given the appellee trouble from time to time, steering like a conventional car without power steering, but the steering had been checked and fluid added. Appellee Jones denied that the car had ever "veered" without the steering wheel being turned, but appellant stated that appellee had told him that it had done so "in West Texas" on several occasions. Even if such statement is taken as true, as we must do on review of a motion for summary judgment, there was no evidence that the car was in this defective condition just prior to the accident in question, or that appellee knew of any such condition, if in fact such defective condition existed. Appellee stated that he had this condition checked by a garage after it happened.

The appellant cites and refers us to only three cases. Sturtevant v. Pagel, 134 Tex. 46, 130 S.W.2d 1017; Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820, 1958; and

Goff v. Lubbock Bldg. Products, Tex.Civ. App., 267 S.W.2d 201, 1953, ref., n. r. e., which we believe are not in point and can be distinguished by the facts.

There may have been a possibility or suspicion that a defect in the car belonging to appellee may have existed and may have been a possible cause of the accident. However, where the proof, as here, only raises a mere surmise or suspicion of existence of a fact sought to be established, it would not be sufficient to raise a jury issue and would not be sufficient to defeat a motion for summary judgment. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1898. In any event, we hold that the summary judgment evidence was not sufficient to raise the issue that there was a conscious knowledge by the father of the character of any continuing defect in the vehicle which would constitute gross negligence in entrusting the vehicle to his daughter, or that any such defect was a proximate cause of the accident in question.

Appellant's point is overruled.

Judgment of the trial court is affirmed.