Soren **BERENTSEN** et al., Appellants,

v.

Mrs. W. A. **BELLINGHAUSEN**, a feme sole, Appellee.

No. 206.

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Hardy, Galindo & Sharpe, by Thomas G. Sharpe, Jr., Brownsville, for appellants.

Atlas, Freeland, Schwarz & Gurwitz, by Gary Gurwitz, McAllen, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal from a summary judgment for the defendant concerns two propositions involving the application of Art. 6701b, Vernon's Ann.Tex.St., generally known as the Guest Statute, to the facts as developed: (1) Was a genuine issue of fact raised of the status of plaintiffs as to whether they were paying passengers in defendant's automobile at the time of the accident? (2) If the answer to the above question is that no such issue of fact was raised, was a genuine issue raised that the defendant was guilty of gross negligence proximately causing the accident?

We shall designate the parties as they were in the trial court. The "summary judgment evidence" consists of the pleadings, the affidavit of defendant attached to her motion for summary judgment, the joint affidavit of the plaintiffs, husband and wife, attached to their reply, and the deposition of each of said plaintiffs. In passing upon the contentions of the parties, we accept as true all competent evidence of the parties opposing the summary judgment, and give them the benefit of every reasonable inference which properly can be drawn in their favor. Rule 166A, Texas Rules of Civil Procedure; Edgar v. Southwestern Oil & Refining Co., Tex.Civ.App., 377 S.W.2d 225, writ ref. n. r. e.; Bolin v. Tenneco Oil Co.,

Tex.Civ.App., 373 S.W.2d 350, writ ref. n. r. e.

We shall first take up appellants' contention that a genuine issue of fact was raised as to whether or not plaintiffs were paying passengers on the trip in question, and not guests.

All parties resided in Port Isabel, Cameron County, Texas. Plaintiffs owned no car. They were in the habit of buying groceries in the nearby city of Brownsville, where the price was lower than in Port Isabel. Frequently, they called on friendly neighbors to take them and bring them back. Defendant, a friend of plaintiffs, had previously taken them either once or twice. On the present occasion, plaintiff (the husband) having just received his pay check, his wife called defendant and asked if she would take them to Brownsville. Defendant declined, saying that she was expecting company. Shortly thereafter defendant called back and the following conversation took place between plaintiff Mrs. Berentsen and defendant:

> "So we went ahead and called a cab. And in the meantime she called back and said, well, that her company wasn't coming, that she would take us but she was short on gas.
>
> And I says, 'Well, I'll buy the gas.'
>
> And she said, 'And you buy me a coke?'
>
> And I says, 'Well, I don't have to buy a coke, I've got the cokes here at the house.'
>
> She said, 'Well, do you have anything to go in the coke?
>
> And I said, 'No, I don't have that.'
>
> And she said, 'Okay, you buy the gas and we will go across the river and pick up a bottle and we will pick up your groceries and we will come back home.' "

Plaintiff-husband heard his wife's end of the conversation, but did not hear de-

fendant's remarks. In his deposition and affidavit he included the statement that they were to buy defendant a lunch in Matamoros, but he did not hear any one so state, and his wife testified that nothing was said about eating any lunch in Matamoros. In this connection, plaintiff Mrs. Berentsen testified in her deposition as follows:

"Q. What time of day did this happen?

A. The wreck?

Q. Yes.

A. About two in the afternoon.

Q. All right. So you weren't going to buy lunch or anything?

A. No. We was going to go across the river, you know, and get her a bottle of rum—she loves rum—and buy her some rum and maybe have a couple of drinks over there.

Q. All right. Do you think that that is the only reason she went?

A. Well, now that I couldn't answer.

Q. You think that's the main reason she went? Actually you don't know why she took you?

A. No, I don't know why she took us.

Q. She had done this before?

A. Yes, she had took us before.

Q. You considered her to be a friend of yours?

A. Yes sir.

Q. All right. She had no business at all on this occasion? She was just taking you all?

A. Yes, she was just going to take us to buy groceries and go across the river."

*    *    *    *    *    *

"Q. Now, you were the only one who had the conversation with Mrs. Bellinghausen about taking you to get groceries?

A. On the phone, yes.

Q. Your husband didn't talk to her?

A. No. They were all sitting there. They could hear what I said but they don't know what she said.

Q. Okay. And they didn't actually talk to her?

A. No, they didn't talk to her.

Q. And you are the one who made arrangements for Mrs. Bellinghausen to take you all to get groceries?

A. Yes sir.

Q. Nothing more was said after you all got in the car?

A. No, nothing more. Only when she drove up in the filling station, my husband said to her, 'Do you want to put gas in here now? And she said no, she had bought this bad gas and we had enough to get to Brownsville."

The accident happened on the road to Brownsville.

From Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198, we copy as follows:

"We agree with the unanimous opinion of the Court of Civil Appeals [244 S.W. 2d 915] that Burt was the guest of Lochausen on the occasion in question, and was not a mere passenger in Lochausen's car, as is expressed by the court's majority opinion, as follows [244 S.W. 2d 917]:

'The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the

**819**

motivating influence for furnishing the transportation. The rule is firmly established in the decisions of this State, Raub v. Rowe, Tex.Civ.App., 119 S.W. 2d 190 (e. r.); Franzen v. Jason, Tex. Civ.App., 166 S.W.2d 727 (e. r.); Henry v. Henson, Tex.Civ.App., 174 S.W. 2d 270 (e. r.), and to which might be added many other cases. The benefits suggested by plaintiff are thought to be too uncertain, remote, and speculative to be definite and tangible. See Leete v. Griswold Post, American Legion, 114 Conn. 400, 158 A. 919 (and our statute is copied from the Connecticut statute).'

"See also Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Linn v. Nored, Tex. Civ.App., 133 S.W.2d 234, dismissed, correct judgment; Tex.Jur. 10 Year Supp., Vol. 2, p. 264, Automobiles, Sec. 309, et seq."

The case of Raub v. Rowe, Tex.Civ. App., 119 S.W.2d 190, writ ref., was cited with approval in the above opinion, as it has been in many other Texas cases, as shown by Shepard's Texas Citations. There it was held that an agreement to pay a share of the operating expenses of an automobile in which one is riding does not make one a passenger for hire. We quote from the opinion as follows:

"In McCann v. Hoffman [9 Cal.2d 279, 70 P.2d 909], supra, the Supreme Court of California said (70 P.2d page 912):

'The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute. It is obvious that if a different result obtains under any construction of the statute its purposes would be defeat-

ed and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited. * * Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure.' "

Similar holdings have been made by Texas courts in Rowan v. Allen, Tex.Com. App., 134 S.W.2d 1022, opinion adopted by Sup.Ct.; McClain v. Carter, Tex.Civ. App., 278 S.W.2d 877, writ ref. n. r. e.; Easter v. Wallace, Tex.Civ.App., 318 S.W.2d 916, writ ref. n. r. e.; Jameson v. Sibert, Tex.Civ.App., 379 S.W.2d 86, writ ref. n. r. e.; Dietrich v. F. R. Young Company, Tex.Civ.App., 400 S.W.2d 572, and other cases.

Mrs. Bellinghausen had no plans to ride to Brownsville when she was first called by her friend, Mrs. Berentsen. Clearly, under plaintiffs' own testimony and affidavit, plaintiffs were the accommodated parties. Plaintiffs say that the fact that they were going to fill the tank of defendant's car with gas, and buy her a bottle or two of rum in Matamoros in return for her making a trip especially to take them where they could save money on their purchase of groceries made them passengers for a valuable consideration, and takes the case out of the guest statute. It is a fact well known to all car owners, of which this court can take judicial notice, that the price of gasoline is not the sole expense of the operation of an automobile. We do not believe that the

purchase of a bottle or two of rum, plus a lunch in Matamoros, if one was to be had on the trip, which plaintiff-wife denied, were definite tangible benefits to defendant shown to have been the motivating influence for her furnishing the transportation to plaintiffs.

In Rowan v. Allen, supra, it was held that "the plaintiff's hiring out her daughter to the defendant in consideration of the latter's agreement to transport plaintiff to the races" under the circumstances of that case did not create plaintiff a paying passenger.

Plaintiffs cite as authority for their contention Wills v. Buchanan, 358 S.W.2d 727, Tex.Civ.App., n. w. h., and Burnett v. Howell, Tex.Civ.App., 294 S.W.2d 410, writ ref. n. r. e. In Wills, plaintiff and defendant worked at the same plant, and lived in the same vicinity. Plaintiff made an agreement with defendant that she would pay him $2.00 a week to transport her to and from the plant. At least one other had the same agreement with defendant. The court held that a material tangible benefit for carrying plaintiff in his car moved from her to him, which was the motivating cause for furnishing the transportation, and that the guest statute was not applicable.

■ In Burnett, supra, the defendant, owner and operator of the car, wanted to make a trip to Andrews to see his girlfriend, but could not go for he had no money to buy gasoline. Plaintiff told him he would buy the gasoline if defendant would take him and bring him back. Plaintiff bought a tank of gasoline, and gave defendant a dollar and they went to Andrews. On the return trip the accident happened which was the subject matter of the suit. The Court, after distinguishing Raub v. Rowe, supra, held that defendant was the accommodated party, and that a tangible benefit moved to the defendant which was the motivating influence for defendant to furnish plaintiff the trans-

portation, and that the guest statute did not apply.

We do not believe these authorities control the fact situation of this case. We find that the evidence does not disclose a genuine issue of fact of whether plaintiffs were paying passengers. We hold that the trial court did not err in ruling that plaintiffs were guests within the terms of Art. 6701b.

■ Since the evidence establishes that plaintiffs were guests in defendant's car without payment for their transportation, they can not recover unless the accident was intentional on defendant's part, or unless it was caused by defendant's heedlessness or her reckless disregard for the rights of others. Art. 6701b, V.A.T.S. There is no contention that the accident was intentional. The phrase "or caused by his heedlessness or his reckless disregard of the rights of others" in the statute is construed as meaning gross negligence. Raub v. Rowe, supra; Snyder v. Jones, Tex.Civ.App., 392 S.W.2d 504, writ ref. n. r. e.

Defendant's car had been purchased by her new only a few months before the accident, and had been driven less than 2500 miles. The tires were in good condition. The accident happened on a clear, dry, sunshiny afternoon, on a straight stretch of highway. As they were proceeding toward Brownsville, they approached a car traveling in the same direction, and defendant steered her car to the left lane, passed the car, got back in front of the car in the right lane, and then one of her tires blew out. The car thereupon went out of control, and although defendant, according to both her statements and plaintiffs tried her best to keep it going in a straight line, it crossed back and forth across the highway and turned over, causing damages to plaintiffs. The other car succeeded in missing them and was not a party to the accident; and fortunately there were no other vehicles near at the time.

Though there is a conflict between the parties as to the speed the car was traveling, we assume as true plaintiffs' testimony that defendant as they approached and passed the other car was driving at from 80 to 85 miles per hour. Both plaintiffs state that the husband-plaintiff had at least twice complained to defendant of the speed, and asked her to slow down. It is plaintiffs' contention, though they cite no Texas authorities in support thereof, that a genuine issue of fact as to defendant being guilty of gross negligence was raised by the evidence of excessive speed, ignoring plaintiffs' request that she slow down and the loss of control of the car after the blow-out. We do not agree.

Plaintiffs agree in their depositions that defendant had control of the car prior to the flat tire. Although the matter of proper control is no longer an issue to be submitted to the jury, Barclay v. C. C. Pitts Sand & Gravel Co., Tex.Sup.Ct., 387 S.W.2d 644, there is nothing in the case which raises even the suggestion of heedlessness or reckless disregard of the rights of others on the part of defendant in her operation of the car after the tire blow-out.

■ Though the plaintiffs' testimony that defendant was operating her car at a rate of speed ten to fifteen miles per hour in excess of the legal speed limit was evidence of ordinary negligence, it would not under the situation here be evidence of such heedlessness or reckless disregard of the rights of others as to constitute gross negligence. The day was clear and sunshiny; the highway was straight and dry; there was no traffic on the highway to interfere with or be endangered by her passing the car in front; she succeeded without any trouble in passing such car and getting back in her lane, and the accident is shown to have happened as the result of a new tire becoming flat. This last event was something which she could not reasonably foresee. The fact that she, as the driver and owner of the car, disagreed with plaintiff-husband as to whether she should slow down her speed is no evidence, under the facts of this case, of a reckless disregard of the rights of others.

It is stated in Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001–1003:

"In discussing the meaning of 'gross negligence' this Court has said: 'It is to be observed that the definition quoted uses the words 'conscious indifference,' thus stressing the mental attitude of the person charged to have been grossly negligent. Gross negligence is positive or affirmative, rather than merely passive or negative as ordinary negligence often, and perhaps usually, is. As said in the discussion in Ruling Case Law of the right to recover exemplary damages for gross negligence: 'The rule is that recovery is permitted, in, and confined to, cases where the negligence is wilful, or where it is so gross as to indicate wantonness or malice.' 8 R.C.L., p. 590. Mere indifference is not enough. The indifference must be *conscious*. *The indifference is to the rights or welfare of the person or persons who may be affected by the act or omission.* Thus the doctrine of foreseeableness becomes important.' (Emphasis added.) Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 831, 98 A.L.R. 262."

■ We feel that the following Texas authorities, and many others, support our ruling that the summary judgment evidence raises no genuine fact issue as to defendant being guilty of gross negligence proximately causing the accident on the occasion in question: Rowan v. Allen, Tex. Com.App., 134 S.W.2d 1022; Sheffield Division Armco Steel Corporation v. Jones, Tex.Sup.Ct., 376 S.W.2d 825; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, writ ref.; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, writ dis. corr. judg.; McCarty v. Moss, Tex.Civ.

App., 225 S.W.2d 883, writ ref.; Sims v. Smith, Tex.Civ.App., 332 S.W.2d 99, writ ref. n. r. e.; Matlock v. Hooge, Tex.Civ. App., 365 S.W.2d 386, writ ref. n. r. e.; Snyder v. Jones, Tex.Civ.App., 392 S.W.2d 504, ref. n. r. e.

Cases holding that a fact issue of gross negligence was raised by the evidence, such as Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571; Burt v. Lochausen, supra; Bernal v. Seitt, 158 Tex. 521, 313 S.W.2d 520; Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820; and others, can be clearly distinguished from the instant case on the fact situation.

The trial court did not err in sustaining defendant's motion for a summary judgment.

Judgment affirmed.