**C. B. HAZEL, Appellant,**

v.

**MAGNET COVE BARIUM COR-
PORATION, Appellee.**

**No. 7774.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1966.

749

Patrick J. Kennedy, San Antonio, for appellant.

Clarence C. Meyer, Eastham & Meyer, Houston, for appellee.

DAVIS, Justice.

A suit on a promissory note. Plaintiff-appellee sued defendant-appellant on a promissory note. The trial court granted a summary judgment on the appellee's pleadings. Appellant filed a verified amended original answer, and also filed an affidavit in response to the motion for summary judgment. In the verified pleadings and reply, appellants alleged fraud, error, duress or mistake, and failure of consideration. The appellee did not attach a copy of the note to his pleadings. Appellant has perfected his appeal, and brings forward five points of error.

By the points of error, appellant says the trial court erred because neither the original note, a certified copy, or a sworn copy was attached to the appellee's pleading or motion; there was no evidence before the trial court, whether by pleading, affidavits or otherwise that the appellee was the present owner and holder of said note; in holding that the promissory note sued on was based on a valuable consideration when the appellant's verified pleadings and affidavit contesting the failure of consideration raised material issues of fact; appellant's pleadings and affidavit raised material fact issues of fraud; and, in holding that there had been a novation by the parties of accord and satisfaction.

In contesting the points of error, appellee says the note was exhibited to the court at the hearing. Unless the note was made a part of the pleadings, the trial court could not consider the same for any purpose. He must make up his mind from the pleadings, affidavits and depositions, if any, on file at the time. The material fact issues raised by the pleadings are fraud, error, duress or mistake, and failure of consideration. Ragsdale v. McLaughlin, (CCA, 1956) 285 S.W.2d 467, Error Dismissed; Snyder v. Jones, (CCA, 1965) 392 S.W.2d 504, W.R.,N.R.E.; Alexander v. Houston Oil Field Material Co. (CCA, 1965) 386 S.W.2d 540, W.R.,N.R.E.

The points of error are sustained. The judgment of the trial court is reversed and the cause is remanded.