**Richard McFADDEN, Appellant,**

**v.**

**CECIL RUBY COMPANY, Inc., Appellee.**

**No. 4677.**

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1967.

Harrison, Curtis & Cooper, John Allen Curtis, Dallas, for appellant.

Harris, Anderson, Henley, Shields & Rhodes, L. W. Anderson, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing in a negligence case.

Plaintiff McFadden sued defendant Ruby Company, alleging defendant Ruby Company failed to remove a curb remnant from the R. L. Thornton Expressway in such a manner as to permit the safe passage of vehicular traffic over the freeway; that the automobile in which plaintiff was a passenger struck the curb remnant, and was caused to turn over, causing injury to plaintiff.

Defendant answered by general denial.

Defendant moved for summary judgment and later filed its second motion for summary judgment, asserting there were no issues of fact raised by the pleadings, evidence, and affidavits on file, or that there is any cause of action alleged or proved against defendant. Defendant further asserted it removed the curb from the freeway pursuant to a contract with the State Highway Department; that such work was per-

formed according to the contract and defendant is accordingly not liable for the result of work performed according to such contract.

The trial court granted summary judgment that plaintiff take nothing.

Plaintiff appeals on 4 points, contending the trial court erred in granting defendant summary judgment because fact issues were presented by the record.

The record reflects that an asphalt curb was built across a portion of the Thornton Freeway to divert traffic while portions of the freeway were still in construction; that the curb was built by a subcontractor which had finished its work a year or so earlier; that on July 6, 1965, just prior to the opening of the Freeway for traffic, the Resident Engineer of the Highway Department requested defendant Ruby Company to remove the curb; that defendant did such to the satisfaction of the Highway Department and the removal complied with Highway Department requirements; that the highway was opened to the public on July 15, 1965.

Plaintiff's attorney filed affidavit in opposition to motion for summary judgment, in which he testifies the ridge where the curb had been "was very much in evidence and in some places being as much as a ¼ of an inch to ⅜ of an inch in height."

The only evidence as to how the accident happened is from the plaintiff. Plaintiff testified by deposition:

"Q. And where did this happen?

A. On Stemmons Freeway, or R. L. Thornton, whichever one goes to Oak Cliff.

Q. Near what exit was this?

A. Yomen

*   *   *   *   *   *

Q. Yarmouth?

A. It could be.

*   *   *   *   *   *

Q. How did this accident happen?

A. Well, the only thing I can remember about it, we were going along and all of a sudden we felt the damn car jerk and shake and it just jumped over sideways.

*   *   *   *   *   *

Q. Do you have any idea what caused the accident?

A. Something rough; we hit something; that's what it felt like. The car just jumped sideways and it was upon its top."

In such state of the record, the fact that the curb lacked ¼ to ⅜ inch being shaved off to level with the freeway cannot constitute evidence of negligence proximately causing plaintiff's injuries. The recited testimony is no evidence of defendant's negligence proximately causing the accident. Plaintiff cannot look to his pleadings to establish defendant's negligence proximately causing the accident. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Molsen v. Compania Industrial, Tex.Civ. App. (nwh) 394 S.W.2d 271.

Plaintiff has at best raised a mere surmise or suspicion of a fact sought to be established, and such is not sufficient to defeat defendant's motion for summary judgment. Snyder v. Jones, Tex.Civ.App. (nre) 392 S.W.2d 504; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

Moreover, it is undisputed that defendant performed its work to completion to the satisfaction of the Highway Department. In such situation defendant cannot be liable for the result of its work performed according to its contract. Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642.

The judgment is correct. Plaintiff's points and contentions are overruled.

Affirmed.