Patricia Ann **JONES** et al., Appellants,

v.

Mary Stabler **McCOY**, Appellee.

No. 5224.

Court of Civil Appeals of Texas, Waco.

March 29, 1973.

Thelma van Overbeek, Cofer & van Overbeek, Bryan, for appellants.

Lawrence, Thornton, Payne & Watson, Billy Payne, Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Jones from take nothing judgment in suit alleging gross negligence against defendant McCoy.

Plaintiffs Jones were guests in an automobile owned and driven by defendant McCoy. The group had gone from Bryan to Ft. Hood, and while returning to Bryan on December 2, 1971, at 6 P.M. the car ran a stop sign near Hearne and turned over, in a one-car accident. Plaintiffs sought recovery for their injuries alleging gross negligence on the part of defendant.

Trial was to a jury which found:

1) Defendant was not operating her car when she was fatigued and tired, and unable to properly operate same under the circumstances.

4) Defendant did not fall asleep at the wheel.

7) Defendant failed to stop before entering the intersection.

8) Such action was not a heedless and reckless disregard of the rights of others affected by it.

(Heedless and reckless disregard, was defined as more than momentary thoughtlessness, inadvertence, or error in judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of the persons affected by it).

10) Defendant was not driving her automobile at an excessive rate of speed under the facts and circumstances.

22) 23) Plaintiffs' damages were fixed at $1917.55.

Plaintiffs moved the trial court to disregard jury findings 8 and 4 and enter judgment for them non obstante veredicto; and defendant moved for judgment on the verdict.

The trial court entered judgment on the verdict that plaintiffs take nothing.

Plaintiffs appeal on 6 points contending:

1) There is no evidence to support the jury's answer to Issue 4; and such answer is contrary to the great weight of all the evidence.

2) There is no evidence to support the jury's answer to Issue 8; and such answer is contrary to the greater weight of all the evidence.

3) There is no evidence to support the jury's answer to Issue 10.

4) If defendant did not fall asleep at the wheel, her acts demonstrated a reckless and heedless disregard of the rights of others.

Contention 1 asserts there is no evidence or insufficient evidence to support the jury's answer to Issue 4 that defendant did not fall asleep at the wheel.

Issue 1 found the defendant was not operating her car when she was fatigued and tired and unable to properly operate same under the circumstances. Plaintiffs make no complaint at this find-

ing, and there is ample evidence to support same. Granting there is no evidence to support the jury's answer to Issue 4, there is no way under the record that defendant's going to sleep could constitute gross negligence as is required for a guest to recover under Article 6701b Vernon's Ann. Tex.Civ.St. Matlock v. Hooge, Tex.Civ. App., NRE, 365 S.W.2d 386; Wood v. Orts, Tex.Civ.App., NWH, 182 S.W.2d 139; Napier v. Mooneyham, Tex.Civ.App., Er.Dismd., 94 S.W.2d 564.

Contention 2 asserts there is no evidence or insufficient evidence to support the jury's answer to Issue 8, that defendant's failure to stop at the stop sign was not gross negligence.

■ For plaintiff as a passenger to recover against defendant she must prove "gross negligence", which is the heedless and reckless disregard of the rights of others, and includes the element that it is the conscious indifference of the consequences of one's actions. Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Gill v. Minter, Tex.Civ.App., Er.Ref., 233 S.W.2d 585; Foster v. Harvill, Tex.Civ.App., NWH, 353 S.W.2d 84.

■ Undoubtedly defendant was guilty of negligence in failing to stop at the stop sign. The record reflects the accident happened on December 2, at 6 P.M. It was almost dark and the lights of the car were on. There is no evidence to suggest defendant's action was in heedless and reckless disregard of the rights of others, or that defendant had any conscious indifference of the consequences of her actions. The jury were authorized to answer the Issue as they did, and the evidence is ample to sustain the finding.

■ Contention 3 asserts there is no evidence to support the jury answer to Issue 10, that defendant was not driving her automobile at an excessive rate of speed under the circumstances. Defendant testified she was driving slow because of the rain. It was not raining at the time, but the road was wet. The witness Cavitt testified by way of a "rough guess" defendant was traveling about 40 miles per hour. The jury were authorized to answer the issue as they did and there is ample evidence to sustain the finding.

Contention 4 asserts that if defendant did not fall asleep at the wheel, her acts demonstrated a heedless and reckless disregard of the rights of others.

■ The point complains of defendant's "acts" without detailing them. Rule 418 Texas Rules of Civil Procedure requires a point to direct the attention of the court to the particular error relied upon, rather than to all negligent acts and omissions of which a party may have been guilty. The point is too general. MKT Ry. Co. v. McFerrin, Tex.S.Ct., 291 S.W.2d 931 [14].

The judgment is correct.

Affirmed.