IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-370-CV





MARK R. BUDDE,



 APPELLANT


vs.





PROGRESSIVE CASUALTY INSURANCE COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 483,120, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Mark R. Budde sued his former employer, Progressive Casualty Insurance
Company, on various causes of action that allegedly arose from the Company's termination of his
employment. The trial court sustained the Company's motion for summary judgment. Budde
appeals. We will affirm the judgment.



THE CONTROVERSY



 The Company engaged Budde as a product manager in January 1986 and
unilaterally terminated his employment in June 1989. Budde sued the Company for breach of
contract, alleging the termination was without cause and wrongful and by it the Company
intentionally and negligently inflicted upon him emotional distress. (1)

 The Company moved for summary judgment on various grounds, including the
ground that Budde's employment was "at will," that is to say, without any agreed duration. The
trial court sustained the motion and ordered that Budde take nothing.


DISCUSSION AND HOLDINGS


 In a single point of error, raising eight subpoints, Budde contends the trial court
erred in rendering judgment against him as a matter of law. The rules governing appellate review
of summary judgments are well established and need not be reiterated here. See, e.g., Schroeder
v. Texas Iron Works, Inc., 813 S.W.2d 483, 484 (Tex. 1991); Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970). We will group for discussion the various subpoints.


Modification of the Employment Contract



 The employment contract was originally an "at will" contract. (2) Budde contends,
however, that the record raised genuine issues of material fact concerning whether the contract
had been modified to require that (1) Budde might be discharged only for good cause, (2) Budde
must be notified of any deficiencies in his performance and given an opportunity for improvement
before being discharged, and (3) Budde must be offered another position in the company before
being discharged.

 Good Cause. Concerning this alleged modification, Budde points to that part of
the summary-judgment record describing several conversations at Company functions, such as
dinners and meetings, in which senior officers of the company stated that satisfactory performance
was the key to advancing in the Company hierarchy. From these, Budde infers a promise or
undertaking by the Company that "he would continue to have a job with Progressive [the
Company] as long as his performance was satisfactory." We hold the summary-judgment record
will not reasonably support that inference because the conversations did not amount to an explicit
company undertaking or promise of the kind alleged. See Zimmerman, Inc. v. Hatridge, 831
S.W.2d 65, 69 (Tex. App.Texarkana 1992, writ requested) ("[A] statement of company policy,
unaccompanied by an express agreement, does not create contractual rights."); Watson v. Zep
Mfg. Co., 582 S.W.2d 178, 179 (Tex. Civ. App.--Dallas 1979, writ ref'd n.r.e.) (An offer of
steady employment does not imply an express agreement not to terminate without good cause.).

 Notice of Performance Deficiencies. Budde infers from Company handbooks the
following alleged modification of his at-will employment contract: The handbooks prescribe a
procedure to be followed before discharging an employee on the ground of deficient performance,
including a requirement of prior notice of the deficient performance and an opportunity to
improve. The handbooks alone do not, however, raise a genuine issue of material fact concerning
whether the at-will contract had been modified in the particular urged by Budde. "[E]mployee
handbooks, which are not accompanied by an express agreement dealing with procedures for
discharge of employees, do not create contractual rights regarding these procedures." Salazar v.
Amigos Del Valle, Inc., 754 S.W.2d 410, 413 (Tex. App--Corpus Christi 1988, no writ); see also
Hatridge, 831 S.W.2d at 69. The opinion in United Transp. Union v. Brown, 694 S.W.2d 630,
632 (Tex. App.--Texarkana 1985, writ ref'd n.r.e.), upon which Budde relies, involved a specific
promise to the employee that the handbook procedure would apply to her employment contract. 
Nothing in the summary-judgment record suggests a promise or undertaking by the Company that
the handbook procedures would apply to Budde's employment contract. We hold accordingly.

 Offer of Other Employment. Budde infers this promise or undertaking from
conversations he had with other employees about company policy. The summary-judgment record
reveals, however, no explicit promise or undertaking of that nature made to Budde by an officer
having power to contract for the Company. As mentioned previously, Company policy does not
create a contract right in the absence of a specific and express agreement with the employee. 
Hatridge, 831 S.W.2d at 69. We hold accordingly.


Infliction of Emotional Distress


 Budde averred in his petition that the Company's wrongful termination of his
employment inflicted upon him emotional distress that was both intentional and negligent. We
have held above that there was no modification of Budde's at-will employment contract. As a
matter of law this means that his discharge was not "wrongful." Ordinarily this would dispose
of Budde's claim regarding the infliction of emotional distress. In his response to the Company's
motion for summary judgment, however, Budde advanced outside his petition another theory that
we should discuss: that his claim of emotional distress was predicated also upon the conduct of
unnamed "agents" of the Company who "sabotaged" Budde's efforts to obtain another position
in the Company.

 Because the Company established its right to summary judgment on the issues
raised in Budde's petition, the burden lay upon Budde to supply summary-judgment "evidence"
raising the new contention made in his response. Woolhouse v. Tolchin Instruments, Inc., 601
S.W.2d 106, 108 (Tex. Civ. App.--Dallas 1980, no writ). Raising a "mere surmise or suspicion
of fact sought to be established" is insufficient to defeat a motion for summary judgment. 
McFadden v. Cecil Ruby Co., 422 S.W.2d 770, 771 (Tex. Civ. App.Waco 1967, no writ).

 Budde's affidavit is the sole part of the record from which one may infer support
for the new theory that the Company was vicariously liable for its agents' alleged "sabotage" of
Budde's efforts to obtain another position in the Company. In this connection, however, the
affidavit recites only hearsay and states no material facts inferrable therefrom. Rather, Budde
frankly acknowledges in the affidavit that it was merely his belief that some persons, unknown to
him, had sabotaged his efforts. Budde states that he had a "feeling" that a particular employee
had done so, but Budde had no "specific proof that someone did that." We hold, therefore, that
the summary-judgment record did not raise the theory that the Company was liable for the wrong
committed by its "agents." Tex. R. Civ. P. 166a(f) (opposing affidavits shall be made on personal
knowledge and set forth such facts as would be admissible in evidence).



Use of Summary-Judgment Procedure


 Budde complains the summary judgment was improper because it necessarily rested
upon an impermissible iteman excerpt copied from a deposition transcript that was not verified
by an attorney's affidavit. The rules of procedure permit the use of copies of discovery products
if the copies are filed with a statement of intent to use them as summary-judgment "evidence." 
See Tex. R. Civ. P. 166a(d). The Company filed the copy of the excerpt accompanied by the
requisite statement. We hold the copy was, therefore, a proper part of the summary-judgment
record.

 Exclusion of the copy mentioned above is a condition of Budde's second argument. 
If the copy is excluded, he argues, the only remaining basis for the summary judgment is the
affidavit accompanying the motion for summary judgment. This affidavit was made by an
interested witness and it was controverted by Budde's own affidavit. Therefore, Budde argues,
it could not form the basis of a summary judgment. Tex. R. Civ. P. 166a(c) (a summary
judgment may be given on the testimony of an interested witness if it is clear, positive and direct,
otherwise credible and free from contradictions and inconsistencies, provided the affidavit is not
controverted).

 We will consider the argument even though we have held above that the copy of
the deposition excerpt was properly considered as part of the summary-judgment record

 We find from our examination that the disputed affidavit meets the requirements
of Rule 166a(c) regarding clarity, positiveness, directness, and so forth. Budde contends it is
contradicted, however, by a single answer given by the Company to an interrogatory propounded
to it. We have examined the interrogatory and the answer. They do not raise a genuine issue of
material fact; hence the affidavit accompanying the Company's motion was not in fact
controverted. It was therefore a sufficient basis for the summary judgment as stated in Rule
166a(c).

 Budde contends finally that the company was not entitled to summary judgment
because the only proper response to Budde's petition was a special exception. The contention
depends, however, on a theory that Budde was entitled to replead his claim (which lay outside his
petition but in his response to the summary-judgment motion) that company agents sabotaged his
attempts to obtain a new position in the company. Conceding the right to replead, we have
disposed of the contention in our discussion and holding above that the summary-judgment
"evidence" did not raise such a claim whether pleaded in a petition or in the response to the
motion for summary judgment.

 For the reasons given, we overrule Budde's point of error and affirm the summary
judgment.



 

 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: October 21, 1992

[Do Not Publish]
1.   Budde also alleged in his petition three grounds for recovery that he has abandoned on
appeal: that the Company (1) conspired to deprive him of other jobs within the Company,
(2) denied him severance-pay benefits, arbitrarily and capriciously, under a plan subject to the
Employee Retirement Income Security Act (ERISA), and (3) failed to provide him a written copy
of the severance plan and an explanation of why his benefits were denied. Budde abandoned these
by filing a notice limiting the scope of his appeal. See Tex. R. App. P. 40(a)(4).
2.   Budde's employment contract was unwritten and had no stated term. Such employment
contracts may generally be terminated at the pleasure of either party and without cause. There
are exceptions, both statutory and common law. No such exception is applicable in the present
case. See Winters v. Houston Chronicle Publishing Co., 795 S.W.2d 732, 724 (Tex. 1990). An
"at will" contract may, however, be modified by the parties' subsequent agreement placing
limitations on the right to terminate at pleasure. See Schroeder v. Texas Iron Works, Inc., 813
S.W.2d 483, 489 (Tex. 1991); Morgan v. Jack Brown Cleaners, Inc., 764 S.W.2d 825, 826 (Tex.
App.--Austin, 1989, writ denied).