LAMBETH, APPELLANT, *v.* THE BEASLEY FORD CO., APPELLEE.

(No. 9313—Decided November 12, 1963.)

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr. Harry Falk*, for appellant.
*Messrs. McIntosh & McIntosh*, for appellee.

HOVER, P. J. This is an appeal on questions of law from a judgment entered in the court below at the close of plaintiff's testimony on the ground that evidence indicated plaintiff to be a guest of the defendant within the provisions of Section 4515.02 of the Revised Code, and indicated further a failure to show the wilful or wanton misconduct necessary to allow a recovery for plaintiff's alleged injuries.

The sole question presented by the transcript of the proceedings below in the bill of exceptions and the assignments of error is whether the evidence received in the trial court did or did not bring the plaintiff within the purview of the so-called guest statute.

The facts are, briefly, that plaintiff was a customer of the defendant who was in the auto repair business; and that she left her car with defendant to be repaired, and went on to her work. Later, on the same day, during the course of a telephone conversation, the defendant volunteered to send a car to pick up the plaintiff at her place of business and bring her to defendant's garage so that she could have her car repaired and returned the same day. She took advantage of the offer, got time off from work, entered the defendant's car which, on the way to defendant's garage for the purpose of allowing plaintiff to get her automobile, was involved in an accident resulting in plaintiff's alleged injuries.

Under the law of Ohio, this situation makes the plaintiff a passenger rather than a guest and removes the case from the operation of the so-called guest statute.

It should be observed in the first place that this statute is in derogation of the common-law rule and consequently must be strictly construed and not extended beyond its specific terms. The many cases, both in the Supreme Court of Ohio and in other jurisdictions, indicate the frequent difficulty encountered in applying the statute to specific factual situations. Reference to three of the many cases decided by the Supreme Court of Ohio is sufficient to demonstrate the legal status of the plaintiff as a passenger. The court observes in *Duncan* v. *Hutchinson*, 139 Ohio St., 185 (p. 189):

"* * * where the relationship between the automobile host and a party riding with him has a business aspect and the transportation is supplied for their mutual benefit, any payment or service rendered to the automobile host by such person for the ride will constitute 'payment therefor' and will remove the automobile host from the protection of the statute.

The next case is *Hasbrook* v. *Wingate*, 152 Ohio St., 50, where the court holds in paragraph three of the syllabus:

"Where, in the carrying of a rider, a motor vehicle's direct operation tends to promote the mutual interests of both the

rider and driver, thus creating a joint business relationship between them, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a 'passenger' and not a 'guest'; but if the carriage confers a benefit only on the rider and no benefit other than such as is incidental to hospitality, good will or the like is conferred on the driver, the rider is a 'guest.' ''

Finally, in *Burrow, Admx.,* v. *Porterfield, Admr.,* 171 Ohio St., 28, the Supreme Court analyzes and classifies previous adjudications concerning this statute, and on page 36 sets out four distinct classifications wherein the rider is a ''guest,'' and four distinct classifications wherein the rider is a ''passenger.'' Included in the latter group is the finding that ''where the transportation is furnished for the mutual business or material interests of both the rider and driver,'' the rider is a passenger and not a guest. This classification fits squarely the record evidence in this case and is dispositive of it.

The judgment of the court below is, accordingly, reversed and the cause remanded for further proceedings according to law not inconsistent with this opinion.

*Judgment reversed.*

HILDEBRANT and LONG, JJ., concur.