ROBERTS ET AL. *v.* McCALLA ET AL.

[Cite as Roberts v. McCalla (1974), 41 Ohio Misc. 23.]

(No. CI-73-013—Decided January 24, 1974.)

Court of Common Pleas of Paulding County.

*Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. Donald P. Traci, Messrs. Weaner, Hutchinson, Zimmerman & Bacon* and *Mr. John E. Zimmerman,* for plaintiffs.

*Messrs. Hyman, McMaster, Cook & Webb* and *Mr. Norman E. Cook,* for defendants.

HITCHCOCK, J. Plaintiffs and defendants both request summary judgment. The first issue to be determined is whether or not the minor plaintiff is a passenger or a guest within the terms of Section 4515.02 of the Revised Code.*

---

*This section, enacted as Section 6308-6 of the General Code, has continued without substantial change in the Revised Code.

As it appeared in the Ohio General Code, this section read:

"Sec. 6308-6. [*Liability of owners and operators of motor vehicles to guests; exeception.*] The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

In today's Revised Code, as in effect since October 1, 1953, it reads:

"Section 4515.02 *Liability to guests in motor vehicles.* The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of

From the pleadings and the deposition of defendant driver, it is undisputed that the minor plaintiff, Becky Jo Roberts, was a female person 4 years of age on January 11, 1972, and was riding with defendant driver, Barbara Ann McCalla, a female person of 18 years having a valid Ohio driver's license; that defendant driver was driving a pickup truck owned by her father who had sent her on an errand to buy eggs for his family when on mentioned date said motor vehicle collided with a bridge causing bodily injury to the minor plaintiff; that neither defendant driver nor any other person knows how or why the collision occurred; that defendant driver had never either requested or received specific permission to take the 4 year old plaintiff on mentioned errand; that on at least 10 previous occasions defendant driver had taken the minor plaintiff on similar errands for her father and on several occasions had taken her to the post-office with her without receiving either criticism or comment from the parents of minor plaintiff; that for about 3 years prior to, during, and for some weeks the summer following the day of the collision the defendant driver was the hired babysitter of the parents of the plaintiff who was 4 years old on the day of the collision; that defendant driver received at least $20 (perhaps $25) in compensation for such service performed on 5 working days the week in which the collision occurred; that plaintiffs refuse to charge defendant driver with either wilful or wanton misconduct but do charge her with failure to use ordinary care in her driving just prior to the collision.

Defendants assert the child plaintiff was a guest because she was (1) receiving the hospitality of the driver; (2) neither she nor her parents were compensating defendant driver for the transportation furnished as such and (3) she was happy to and did accept the ride in question which was certainly not forbidden by her parents and unlikely

---

a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

to have been forbidden had specific permission been requested. Consequently, defendants should be exonerated from liability for want of ordinary care by reason of the guest statute.

Plaintiffs claim the child was present not as the result of the gift of a ride intended as a kindly act of accommodation in an extension only of hospitality but was present because she had no choice and the entire trip for the driver's father was a business mandate requiring her to drag along the plaintiff child and consequently the child is a passenger to whom defendants are liable for injuries resulting from a failure to exercise ordinary care.

This court has carefully considered all authorities cited by counsel and derives its resolution of this controversy from the opinion of Judge Matthias in *Burrow* v. *Porterfield* (1960), 171 Ohio St. 28, 168 N. E. 2d 137, 12 O. O. 2d 45:

At page 31, he says:

"* * * It is very generally agreed that guest statutes are to be strictly construed since they are in derogation of rights which exist at common law, and the party whose rights have been thus restricted is to have any benefit which may arise from a strict, albeit reasonable, construction. * * *" (Citations omitted.)

At page 33, appears this paragraph:

"Much confusion in the area of guest-statute application will be avoided if cases involving contracts to pay for transportation are carefully distinguished from those, such as the one at bar, which involve no such contracts."

And at page 36, it is said:

"On the other hand, our decisions indicate that a rider is a passenger and not a guest within the purview of Section 4515.02, Revised Code, where one of the following relationships between driver and rider exists:

"* * *

"(2) Where the transportation is furnished for the mutual business or material interests of both the rider and the driver. *Hasbrook* v. *Wingate, supra* (152 Ohio St., 50), paragraph three of the syllabus; *Duncan* v. *Hutchinson, supra* (139 Ohio St., 185), at page 189."

The transportation here was furnished in the furtherance of two concurrent duties or obligations of the driver. The driver's first and always continuing duty was to exercise in behalf of the child in her paid custody no less than ordinary care. It appears to the court she thought she could use her father's motor vehicle and perform a special duty for him requiring the use of his motor vehicle and continue to properly discharge her duty of care toward the child plaintiff. In this she may have failed. Certainly there can be no genuine issue of fact that at the time of the collision the transportation furnished was for the mutual material interest of both the rider and the driver. See, also, *Lambeth* v. *Beasley Ford Co.* (1963), 119 Ohio App. 326, 194 N. E. 2d 869, 27 O. O. 2d 332. Also, by reason of the *Burrow* v. *Porterfield* decision, announced in 1960, this court has reached the conclusion that the trial judge, in *Sabo* v. *Marn* (1956), 103 Ohio App. 113, 144 N. E. 2d 248, must have correctly charged the jury following paragraph 3 of the syllabus in *Hasbrook* v. *Wingate, supra*, and that the rule of *Sabo* is supplanted by that of *Burrow*.

In view of the foregoing, there is no need to here consider whether or not the constitutionality of our guest statute should be examined anew in light of the factors found of moment in *Brown* v. *Merlo* (1973), 106 Cal. Rptr. 388, 506 P. 2d 212. The court observes, in passing, that our statute as published in Page's Revised Code now contains more than 12 full pages of annotations and must wonder how those originally responsible for enactment of Ohio's guest statute would now view the assertion made by many of their contemporaries that enactment would contribute to or result in less litigation, particularly spurious or collusive suits. See Wolson, The Ohio Guest Act (1936), 2 Ohio St. Law J. 20.

The second issue for determination is whether or not defendant driver, Barbara Ann McCalla, now Mrs. Leisure, is chargeable with negligence as a matter of law in respect to the undisputed facts disclosed in support of the motions for summary judgment. The court finds that she is not.

Plaintiffs have requested a trial by jury and negligence is not presumed. The facts presented are such that under the doctrine of *res ipsa loquitur* the court would permit the jury to infer negligence but it can not decree negligence as a matter of law.

Consequently, defendants' motion for summary judgment dismissing the complaint is overruled and a partial summary judgment decreeing that at the time of the collision plaintiff Becky Jo Roberts was a passenger and not a guest within the terms of R. C. 4515.02 is awarded plaintiffs.

A judgment entry in accord with this opinion is filed herewith.